COMSTOCK *v.* SHARP.

EASEMENT—RIGHT TO CLOSE STREET—CONVEYANCE BY ABUTTING
OWNER.

> Owners of land abutting on opposite sides of a street, the fee
> of which is vested in them, have, as between themselves,
> the power of disposition over the estate comprised therein;
> and, therefore, where one has conveyed to the other all of
> his interest in the land occupied by the street, with consent
> that the same may be closed, which deed is of record, a
> subsequent conveyance by such grantor of his adjacent
> premises will carry no interest in the street, and his grantee
> cannot restrain the closing of the same.

Appeal from Jackson; Peck, **J.** Submitted April 3,
1895. Decided July 9, 1895.

Bill by Hattie E. Comstock against John C. Sharp to
compel the removal of an obstruction from a street. From
a decree dismissing the bill, complainant appeals.
Affirmed.

*Barkworth & Blair*, for complainant:

If the owner of land exhibits a plat thereof, on which a
street is defined, and sells lots abutting on such street,
with clear reference to the plat, the purchasers of such
lots have a right to insist that such street shall forever
remain open to the public. *Earll* v. *Chicago* 136 Ill. 277;
*Smith* v. *Lock*, 18 Mich. 56; *Railroad Co.* v. *Heisel.* 47 Mich.
393; *Diamond Match Co.* v. *Ontonagon*, 72 Mich. 259; *Ruddiman* v. *Taylor*, 95 Mich. 547; *Horton* v. *Williams*, 99 Mich.
423.

Every lot owner has an interest in the adjacent street
in the nature of an easement appurtenant to and running
with the land (*Railroad Co.* v. *Heisel*, 38 Mich. 71; *Horton*
v. *Williams*, 99 Mich. 423); and such an easement cannot be
assigned separately from the dominant tenement (6 Am. &
Eng. Enc Law, 142; 2 Washb. Real Prop. [5th Ed.] 283;
2 Wait, Act. & Def. 658; *French* v. *Marstin*, 24 N. H. 440;
*Davenport* v. *Lamson*, 21 Pick. 72; *Shroder* v. *Brenneman*,

23 Pa. St. 348; *Ackroyd* v. *Smith*, 10 C. B. 164; *Garrison* v. *Rudd*, 19 Ill. 558; *Hills* v. *Miller*, 3 Paige, 254; *Story* v. *Railroad Co.*, 90 N. Y. 122; *Lathrop* v. *Elsner*, 93 Mich. 599; *Walz* v. *Walz*, 101 Mich. 167).

*Wilson & Cobb*, for defendant:

By the deed from Jenks, defendant's title became complete, since the owner of the dominant estate may extinguish the easement by a release to the owner of the servient tenement.   6 Am. & Eng. Enc. Law, 146, and cases cited; Washb. Easem. 516; *Bell* v. *Todd*, 51 Mich. 21; *Morgan* v. *Meuth*, 60 Mich. 238; *Richards* v. *Railroad Co*, 153 Mass. 120.

McGRATH, C. J.   Complainant is the owner of lots 5, 6, 7, 8, and 9, on the south-west corner of Fourth and Willow streets, just outside of the city of Jackson.   The lots front on Willow street, and were numbered from west to east, but they had for many years been inclosed and occupied as one parcel, the dwelling thereon fronting on Fourth street.

The territory was platted and the plat recorded in 1870, by one Lathrop.   It is only claimed for this plat that it was an express common-law dedication.   Lathrop, in October, 1871, conveyed the land north of the center of Willow street by metes and bounds, subject to the public use of Fourth, Willow, and other streets.   In July, 1873, Lathrop conveyed to one Bush the territory lying south of the center line of Willow street, excepting the rights of the public in the streets.   In 1874 Bush conveyed these lots to one Babcock, she to Miller, he to Jenks, and Jenks, in May, 1884, to complainant, by lot number and reference to the plat.

Defendant, in 1883, acquired title to the land north of the center of Willow street, and to certain of the lots west of complainant's lots.   In October, 1883, Bush and wife conveyed to defendant certain lots, and "all our right, title, and interest" in the south half of Willow

street, from the west line of Fourth street to the west line of lot 5. In February, 1884, Jenks, complainant's immediate grantor, conveyed to defendant the land in Willow street from Fourth street west to the west line of lot 5. The deed contained the following :

"It is understood and agreed that this deed shall not only convey all present interest of said grantor in and to the lands herein described, but all interest that might be acquired by her, or her heirs or assigns, in and to any part thereof in case of the vacation of what is marked upon said plat of Summitville as Willow street, as the owner of lots 5, 6, 7, 8, and 9, in said block 2, and consent is hereby given to the closing of said Willow street."

A controversy arose between complainant and defendant, soon after complainant's purchase. Defendant succeeded finally 'in constructing and maintaining a fence across the east end of Willow street, and this bill is filed to compel the removal of the obstruction.

Complainant insists that the interest of an abutting owner in a street is in the nature of an easement appurtenant to the land, passing only with a conveyance of the land. The cases cited hold that the grantor of a right of way has the right to limit the grant, and that the grantee takes it subject to restrictions imposed, and cannot enlarge or abuse his privilege (*Davenport* v. *Lamson*, 21 Pick. 72; *Shroder* v. *Brenneman*, 23 Pa. St. 348); or, that a grantor, having platted and conveyed certain lots in a city, cannot afterwards appropriate the way to any use inconsistent with its use as a public street (*Story* v. *Railroad Co.*, 90 N. Y. 122; *Hills* v. *Miller*, 3 Paige, 254; *Watson* v. *Bioren*, 1 Serg. & R. 227).

The right of way, in the present case, arose from the plat and the subsequent conveyances. As between the parties, the conveyance by Jenks and the consent to the closing of the street were a release or relinquishment of record of the right to use the street. It is unimportant whether Jenks was at that time the owner of the fee in the street, or whether the fee passed by the conveyance

from Bush to defendant.   Whatever interest Jenks had
passed by the conveyance to defendant.   The rights of
the public or of other abutting owners are not in ques-
tion, and the original grantor has parted with his inter-
est.   In such case, owners of land on opposite sides of the
same street may, as between themselves, consent to the
closing of the street, or anticipate its vacation, and either
may convey to the other all interest in the land occupied
by the street.   They have, as between themselves, the
disposing power over the estate.   Washb. Easem.  p. 26,
par. 13.

The decree is affirmed, with costs to defendant.

The other Justices concurred.