149  53
s152  584
s152  586

PRATHER ENGINEERING CO. v. GENESEE CIRCUIT JUDGE.

COURTS — JURISDICTION — PRIORITY — MORTGAGE FORECLOSURE—
MECHANICS' LIEN.
> Where, subsequent to the filing of a mechanics' lien on certain
> physical property of a railway company, but prior to the fil-
> ing of the bill to enforce it, a bill to foreclose a mortgage on
> the entire property of the company was filed in another
> county, in which the company possessed only franchise
> rights, the filing of the foreclosure bill gave the court of the
> latter county exclusive jurisdiction of the entire controversy,
> including the rights of the lien claimant.

Mandamus by the Prather Engineering Company and
J. H. Kusell, trustee, to compel Charles H. Wisner, cir-
cuit judge of Genesee county, to vacate an order denying
a motion to make a receiver a party defendant to a cause
pending in another county. Submitted May 18, 1907.
(Calendar No. 22,256.) Writ denied July 1, 1907.

*Keena, Lightner & Oxtoby*, for relators.

*Rundell & Stockton* and *Brown & Farley* (*Alex. J.
Groesbeck* and *Edwin Henderson*, of counsel), for re-
spondent.

PER CURIAM. Application for a writ of mandamus
requiring respondent to grant leave to relators to make
the Detroit Trust Company, receiver of the Detroit, Flint
& Saginaw Railway, defendant in a cause pending in the
circuit court for the county of Saginaw, wherein relators
are complainants and the Detroit, Flint & Saginaw Rail-
way, Detroit Trust Company, and others, are defendants.
The Detroit, Flint & Saginaw Railway was organized un-
der the train railway act for the purpose of constructing
and operating a line of railway from the city of Saginaw
to the city of Flint, and also a branch line to the village

of Vassar. On the 30th day of January, 1904, the railway company executed a mortgage to the Detroit Trust Company, as trustee, covering all of the property, of every kind and description, which the railway company then had or might in the future acquire. This mortgage was duly recorded in the counties of Saginaw, Tuscola, and Genesee. Previous to January, 1906, the Prather Engineering Company and its assignors had, under a contract with the railway company entered into subsequent to the execution of the aforesaid mortgage, constructed and equipped a power house for the use of the railway company in the village of Bridgeport, Saginaw county. On January 9, 1906, the engineering company filed a mechanic's lien upon the power house plant and took proper statutory proceedings to perfect that lien. On November 20, 1906, the Detroit Trust Company filed its bill of complaint in the circuit court for the county of Genesee to foreclose the mortgage above referred to, making the engineering company and its subcontractor, the Harrisburg Foundry & Machine Works, defendants among others. On the date last mentioned the Detroit Trust Company was appointed receiver of said railway's property. On the 8th day of January, 1907, the Prather Engineering Company and J. H. Kusell, trustee, filed their bill of complaint in the Saginaw circuit court, in chancery, to enforce the mechanic's lien aforesaid, making the Detroit Trust Company, as trustee, the said railway, and others, defendants; but the said receiver was not made a party because, as stated in the petition, "your petitioners did not regard said Detroit Trust Company, as receiver, a necessary party to its proceedings, * * * and as the bill of complaint was not ready for filing until the 8th day of January, 1907, it was impossible for petitioners to make a proper motion in the Genesee circuit for leave," etc., "within the time limited by statute for the filing of a bill of complaint to enforce said mechanic's lien." On January 22, 1907, the Detroit Trust Company, as trustee, and the railway company, pleaded the failure to make the receiver

a party, and such plea was sustained February 25, 1907, with leave to apply to the Genesee circuit court, in chancery, for leave to make the receiver a party. On February 26, 1907, relators applied to respondent for leave to make the receiver a party to the Saginaw suit, which application was denied on March 11, 1907. On March 19, 1907, the Prather Engineering Company appeared generally in the suit in the Genesee circuit. On April 9, 1907, the said engineering company filed its plea to the jurisdiction of the Genesee county court, setting up the mechanic's lien proceedings in Saginaw county. On the 15th day of April, 1907, the court overruled the plea, with leave to answer within 30 days. The Harrisburg Foundry & Machine Works answered the foreclosure bill, and, claiming the benefit of a cross-bill, asked for affirmative relief, praying that it be decreed to have a prior lien over the trust company, the Prather Engineering Company, and the other defendants, for engines and machinery furnished for said power house to the amount of $10,-997.40.

The principal business office of the railway company was in the city of Saginaw, and it had about 12 miles of road constructed in Saginaw county. It owned no land outside of that county. The property of the railway company outside of Saginaw county consisted of certain privileges, rights, and franchises in and from the city of Flint, the village of Clio, and the townships of Vienna, Thetford, Genesee, and Mt. Morris, in Genesee county. Judge Gage was of the opinion that under the decisions of this court (see *Burk* v. *Foundry Co.*, 98 Mich. 614; *Earle* v. *Humphrey*, 121 Mich. 518) the receiver was a necessary party to the suit before his court; but he said:

" The court is satisfied this is the proper court in which to enforce a lien, and that another circuit outside of this is not the proper one in which to enforce a lien."

On the other hand, Judge Wisner held that he had exclusive jurisdiction over the entire subject-matter of the mortgage foreclosure, including the interests of lienors in

other counties, and that the interests of all parties must be determined in the foreclosure suit. It was upon this ground, largely, that he denied the application for leave to make the receiver a party.

We are of the opinion that the Genesee circuit court, in chancery, by virtue of the foreclosure proceedings, acquired exclusive jurisdiction of the entire matter in controversy, including the rights of the Prather Engineering Company, if any, acquired under the mechanic's lien proceedings, and that such rights may properly be asserted by answer and determined in that court. *Campau* v. *Driving Club*, 130 Mich. 417; *McKay* v. *Van Kleeck*, 133 Mich. 27; *Wells* v. *Montcalm Circuit Judge*, 141 Mich. 58; *Convis* v. *Insurance Co.*, 127 Mich. 616; *Koch* v. *Sumner*, 145 Mich. 358.

Writ denied, with costs, with leave to relator to answer within 20 days from the filing hereof.