PRATHER ENGINEERING CO. *v.* DETROIT, FLINT & SAGI-
NAW RAILWAY.

1. MECHANICS' LIENS—FORECLOSURE—VENUE.
    A proceeding to enforce a mechanics' lien is essentially a pro-
    ceeding in rem, and the subject-matter is local, whence the
    proceeding is properly brought in the county in which the
    real estate lies upon which the lien is asserted

2. SAME—BILL—AMENDMENT—NEW PARTIES—WHEN ALLOWED.
    Where a bill to enforce a mechanics' lien is filed within the
    year, as provided by section 10718, 3 Comp. Laws, an amend-
    ment bringing in a proper party may be made after the year
    has expired.

3. SAME—VERIFICATION OF BILL—AMENDMENT—WHEN ALLOWED.
    An objection that a bill to enforce a mechanics' lien is not
    verified may be met by amendment after the year has ex-
    pired.

4. SAME—FAILURE TO IMPLEAD NECESSARY PARTIES—OBJECTION—
   HOW TAKEN.
    The objection that the bill does not implead necessary parties
    may be taken in the answer or at the hearing.

5. SAME — RECEIVERS — LEAVE OF COURT — OBJECTION — HOW
   TAKEN.
    The objection that a receiver is made a party without leave
    may be taken by demurrer.

6. RECEIVERS—ACTION AGAINST—LEAVE OF COURT—NECESSITY.
    A receiver cannot be sued without leave of the appointing
    court.

7. ABATEMENT AND REVIVAL — ANOTHER ACTION PENDING — ME-
   CHANICS' LIEN — FORECLOSURE — MORTGAGE FORECLOSURE —
   RECEIVERSHIP.
    Where this court has declined to interfere with the action of
    the circuit court in refusing to permit its receiver to be made
    a party to a suit brought in another county to enforce a
    mechanics' lien upon property in the hands of the receiver,
    and has held that the court appointing the receiver has juris-
    diction to determine the lien claimant's rights, a decree dis-
    missing the bill to enforce the lien will not be disturbed, irre-
    spective of whether leave to make the receiver a party is

jurisdictional, and whether, the action being statutory and local, there is jurisdiction to entertain it, although leave to make the receiver a party was not obtained; since it will not be assumed that the court appointing the receiver will relinquish jurisdiction, leaving the lien claimant without a remedy.

Appeal from Saginaw; Gage (William G.), J. Submitted April 10, 1908. (Docket No. 33.) Decided May 1, 1908.

Bill by the Prather Engineering Company against the Detroit, Flint & Saginaw Railway and others to enforce a mechanic's lien. From a decree dismissing the bill, complainant appeals. Affirmed.

*Keena, Lightner & Oxtoby,* for complainant.

*Rundell & Stockton,* for defendants.

Ostrander, J. The Detroit Trust Company, trustee in a mortgage executed by the defendant the Detroit, Flint & Saginaw Railway company, filed its bill in the circuit court for the county of Genesee, in chancery, on November 20, 1906, to foreclose the mortgage. On the same day, by an order of that court, the Detroit Trust Company was appointed receiver for the railway company, filed its bond, and assumed the duties of the position. The Prather Engineering Company was made a party defendant in the foreclosure suit, with the allegation that it had, or claimed to have, some interest in the property of the railway company by reason of the filing of a claim for lien. On the 8th day of the succeeding January, the Prather Engineering Company, with notice and knowledge of the beginning of the foreclosure proceedings, having been served with a copy of the bill of complaint, filed its bill in the circuit court for the county of Saginaw, in chancery, asking for the enforcement of a lien asserted under the statute (3 Comp. Laws, chap. 296), as amended. The trust company and the railway company, which were

made parties defendant, pleaded to the jurisdiction of the Saginaw court, setting up the pendency of the proceedings in the Genesee circuit, the appointment of the receiver, its acceptance of the trust, and the necessity for making it a party defendant in the proceeding to foreclose the lien. The plea was allowed by the Saginaw court, and upon application later made, after a general appearance of this complainant, the Genesee court refused to allow its receiver to be made a party in the Saginaw county suit. With this action of the Genesee circuit court this court declined to interfere. *Prather Engineering Co.* v. *Genesee Circuit Judge*, 149 Mich. 53. Complainant moved for leave to file an amended bill of complaint or a supplemental bill of complaint in said cause. The amendment sought to be made was one setting up the application to the Genesee court for permission to make its receiver a party and the refusal of that court, with the claim that, not being able to secure the order of the Genesee court, it was excused. The railway company and the trust company objected to the granting of the motion, and a decree was made denying it and dismissing the bill of complaint, with costs. The decree contains the following:

"And it appearing that the Supreme Court of this State has denied the application of the complainants as relators for a writ of mandamus directed to Charles H. Wisner, circuit judge of the county of Genesee, commanding him to vacate his order denying the application of said complainants and relators for leave to make Detroit Trust Company, receiver of the property of Detroit, Flint & Saginaw Railway, as such receiver, a party to this cause. * * * It is hereby ordered that said motion of complainants be and the same is hereby denied, and the complainants, by their solicitors, in open court, admitting the material facts set up in the plea of defendants, the Detroit, Flint & Saginaw Railway and the Detroit Trust Company, to be true, and electing not to take issue upon said plea, it is hereby ordered that the complainants' bill of complaint be and the same hereby is dismissed," etc.

This is an appeal by the Prather Engineering Company from that decree.

The ground of the contention made by appellant is that, having begun its suit to enforce its lien in conformity with the statute in the statutory forum, proceedings in its suit should have been stayed until the final determination of the foreclosure proceeding, and that it was error to dismiss the bill.   The practical importance of the contention is said to be that, if the Genesee court should decide it had no jurisdiction of the matters in question, or if for any reason it should lose jurisdiction, complainant might lose its right to enforce its lien.   The plant, out of the erection of which the asserted lien grew, is situated in Saginaw county, and the bill filed by complainant describes the real estate upon which it is erected.   That was the proper county in which to assert the lien (3 Comp. Laws, §§ 10714, 10719), and, while the statute does not in terms require that the bill to enforce the lien shall be filed in the county in which the preliminary statement is filed, so much is plainly implied.   The proceeding is, essentially, a proceeding in rem, and the subject-matter is local. 1 Comp. Laws, § 434.   The statute (3 Comp. Laws, § 10718) provides that the lien shall continue for a year, and no longer, unless chancery proceedings are begun to enforce it.   By section 10719 it is required that complainant shall "make all persons having rights in said property affected or to be affected by such liens so filed   *   *   *   parties to such action."

If the bill is filed in season, an amendment bringing in a proper party may be made after the year has expired (*Casserly* v. *Wayne Circuit Judge*, 124 Mich. 157), and an objection that the bill is not verified may be met by amendment after the expiration of the year (*Daschke* v. *Schellenberg*, 125 Mich. 216).   Complainant filed its bill, but did not make the receiver a party defendant.   It has been held that objection to a petition for the enforcement of a mechanic's lien, which does not implead necessary parties, may be taken in the answer thereto or at the hearing (*Kerns* v. *Flynn*, 51 Mich. 573); that the objection that a receiver is made a party without leave may

be made by demurrer (*Burk* v. *Foundry Co.*, 98 Mich. 614); and that a receiver cannot be sued without leave of the appointing court (*Tremper* v. *Brooks*, 40 Mich. 333; *Citizens' Savings Bank* v. *Ingham Circuit Judge*, 98 Mich. 173). Whether leave to make the receiver a party is jurisdictional has never been expressly determined in this State, although it was the opinion of the circuit judge that in *Campau* v. *Detroit Driving Club*, 130 Mich. 417, 422, this court, in affirming *Wiswall* v. *Sampson*, 14 How. (U. S.) 52, upon the point that interference with receivership property by sale of the same on execution was illegal, and the sale void, necessarily approved the general rule of the Federal courts. If it is jurisdictional, the decree of the court below dismissing the bill was undoubtedly right. If it is not jurisdictional, and if the fact that the property is in the control of a receiver appointed by another court operates merely to suspend proceedings until by decree of the other court or by dismissal by that court of the suit, or of the receiver, complainant's rights are determined, or the necessity of making the receiver a party is eliminated, it would seem that the bill should not be dismissed on motion of the defendants. Whether, the action being statutory and local, there is jurisdiction to entertain it, although leave to make the receiver a party was not obtained, is a question not debated in the brief of counsel for appellant. We do not find it necessary to determine the question. We have held that the Genesee county court has exclusive jurisdiction in the particular case, and complainant has been remanded to that court for a hearing and determination of its rights. *Prather Engineering Co.* v. *Genesee Circuit Judge*, supra. It will not be assumed that that court will relinquish jurisdiction, leaving complainant without remedy.

The decree is affirmed, with costs.

BLAIR, MONTGOMERY, HOOKER, and MOORE, JJ., concurred.