LE ROY *v.* COLLINS.

1. DEDICATION—ACCEPTANCE—EVIDENCE.
   The action of the common council of a city in declaring certain alleys vacated is sufficient to negative and repudiate any acceptance of the dedication thereof tendered by the plat.

2. SAME—EFFECT—RIGHTS OF OWNERS OF THE FEE.
   Prior to the conveyance of any lots abutting upon a platted alley the owners of the fee of the lands on both sides thereof have complete power of disposition of the alley.

3. HIGHWAYS AND STREETS — PUBLIC ALLEY — OBSTRUCTION — INJUNCTION—EVIDENCE.
   On a bill to enjoin the closing of an alley, evidence examined, and *held,* conclusive that the land in question was not a public alley.

4. SAME—INJUNCTION—PLEADING—THEORY OF BILL.
   On a bill by abutting owners against the owner of the opposite lots to restrain interference with complainants' right of passage through an alley, complainants claimed the right to use the alley to its entire width as shown by the plat (1) because it was a public alley; or (2) if private, because they had a prescriptive right to use it; but the evidence failed to sustain their first contention, and, as to the second, failed to show that they had a prescriptive right to use that portion of the alley to which defendant had title. *Held,* that complainants were entitled to no relief against interference with that portion of the alley as to which defendant had no title, since their bill was not filed, nor the case heard, upon that theory.

Appeal from Kent; Wolcott, J. Submitted June 3, 1908. (Docket No. 9.) Decided September 10, 1908.

Bill by Simeon Le Roy and another against Joel Collins to enjoin the closing of an alley. From a decree dismissing the bill, complainants appeal. Affirmed.

*A. C. Hindman,* for complainants.

*William E. Grove,* for defendant.

Blair, J.   We quote from the brief of complainants and appellants the following statement of facts:

"Complainants own lot fourteen (14) and defendant and wife own fractional lots one (1), four (4), five (5), eight (8), nine (9), twelve (12), thirteen (13), and sixteen (16), and lots eighteen (18) and nineteen (19), all in block two (2), Coit & Co's addition to Grand Rapids, Mich. According to the recorded plat, an alley sixteen (16) feet wide extends south from Hastings street (the north line of this block) four hundred and forty-five (445) feet along and past the rear end of complainants' lot, and in front of defendant's fractional lots 1, 4, 5, 8, 9, 12, 13, and 16, ending at the rear of defendant's lot 19 in a cross-alley.   Lots 18 and 19 face on Bridge street, and the remainder of defendant's lots face to the west on the east side of this 16-foot alley.   Complainants' lot (14) faces the west on the east side of Lafayette street, and has a rear frontage on this alley.   On the rear of the lot and on the line of the alley complainants have a barn with doors opening into the alley.   On that part of the line between the lot and the alley not occupied by the barn is a fence in which is a gate used to pass to and fro from the rear of said lot into and through the alley.   Just immediately before this suit was commenced, defendant planted a row of small elm shade trees about two feet east of the west line of the alley, one of which trees defendant planted opposite the door in complainants' barn, and another opposite the middle of complainants' gate.   Defendant also commenced building a fence along the east side of said row of trees.   These trees and this fence would shut off complainants from the use of said alley in connection with their said lot.   This bill was filed and a temporary injunction granted restraining defendant from planting the trees and building the fence so as to cut off or interfere with complainants' right in passing in and out of their said lot through the alley in the rear.   Upon the hearing the circuit judge entered a decree for defendant dismissing the bill and dissolving the injunction upon the theory that the alley was the private property of defendant and wife, and that complainants had no right to use it.   From this decree complainants appeal."

The plat of Coit & Co.'s addition by the four original proprietors, D. W. Coit, Josiah Coit, George K. Johnson,

and John Clancy, is dated June 14, 1856, was recorded in liber 6 of deeds, and, owing to a fire which destroyed the records, re-recorded June 10, 1861. As the deed from Johnson and wife to Tryon, hereinafter referred to, dated December 30, 1856, was recorded in liber 7 of deeds, it is reasonable to suppose that the plat recorded in "Liber 6 of Deeds, pages 306, 307, 308, 309," was executed and recorded prior to December 30, 1856. The plat contained, among other things, the following:

"Blocks 1, 2, 3, and 4 are laid out with alleys, to wit: * * * That the alley of 16 feet wide in block 2 is parallel to Lafayette street and 124 feet therefrom and is 445 feet long, and connects with a 10-foot alley which is 188 feet long on the south line of lots 15 and 16."

On December 30, 1856, George K. Johnson and wife conveyed to John C. Tryon, by warranty deed, the undivided one-quarter of the east one-half of the southwest one-quarter, section 19–7–11, and other lands, including complainants' lot 14. By deed dated April 23, 1857, and recorded January 28, 1859, Daniel W. Coit and wife and Josiah Coit and wife deeded to John Clancy the undivided one-half of lot 14 and other lots. By deed dated May 14, 1857, John C. Tryon and wife deeded to John Clancy the undivided one-quarter of lot 14 and other lots. This deed was recorded January 28, 1859. From John Clancy the title to lot 14 came through intermediate grants to complainants; the first deed from Clancy being in 1870 and complainants acquiring their title in 1906. All of these conveyances of lot 14 were made by lot number, and referred to the recorded plat. December 6, 1867, George K. Johnson and wife deeded lots 18 and 19, of block 2, to defendant Collins. August 7, 1868, Josiah Coit conveyed his interest in lots 1, 4, 8, 9, 12, 13, and 16 and also other lots in other blocks to Daniel W. Coit; "this deed being given in pursuance of a partition of this and other property heretofore held in common by the parties hereto." June 4, 1873, Daniel W. Coit and wife, by Charles W. Coit, attorney, conveyed to defendant's wife, Margaret Collins, "all of

those certain pieces or parcels of land situate, lying and being in the city of Grand Rapids, county of Kent, State of Michigan, and more particularly known and described as fractional lots 8, 9, 12, 13, and 16 of block 2 of Coit & Co.'s addition to the city of Grand Rapids." Defendant testified that, at the time he purchased these lots as agent for his wife, Mr. Coit—

" Described the property as it is described in that deed, and said that he could not very well describe it any other way, but further said that that alley was vacated, and he pointed to this board fence that has been mentioned by Mr. Le Roy, and which is very clear in my own mind, and the fence east, on the west and on the east. There was a board fence there where the wall is now on the east, posts and boards running lengthways, also on the west side running clear through from this cross-alley that has been mentioned, from the cross-alley through to Hastings street; or as far north as these lots went, that is what Mr. Coit and I were talking about, and he stated that that alley was vacated, but he sold me all the land between those two fences. He said he was selling me all of the land between those two fences and that that fence was the west boundary line of the land that he was selling to me. That is what he told me right on the ground."

Defendant purchased lots 1 and 4 in September, 1885, receiving a warranty deed describing the lots as "fractional lots 1 and 4 of block 2, Coit & Co.'s addition." At the same time he received a quitclaim deed describing the land conveyed, as follows:

" All those certain pieces or parcels of land situate in the city of Grand Rapids, Kent county, Mich., more particularly described as the east half of the vacated alley joining on the west fractional lots 1 and 4 of block 2 of Coit & Co.'s addition to the depth of 110 feet south of Hastings street, and the west half of the same alley to the depth of 70 feet south from the south line of Hastings street."

In October, 1899, defendant purchased the city's tax title to lot 5. The deputy city clerk testified with reference to certain vacation proceedings:

"This is book B, a record of the common council proceedings. On page 249 I cannot say that I find any proceedings recorded with reference to alleys in block 2, Coit & Co.'s addition. I could say something about Coit & Co.'s addition. This has reference to a petition. On that page I find, under the head of 'Petitions,' the following:

" 'J. C. Tryon and 12 others, relative to vacation of certain alleys in Coit & Co.'s addition. Accepted, and referred to the committee of streets.' * * *

"I have made diligent search in the office for the petition, and have not been able to find it. I also find on page 382 in the same book the following:

" 'The committee to whom was referred the petition of J. C. Tryon and others relative to the vacation of certain alleys in Coit & Co.'s addition reported recommended that the prayer of the petitioners be granted. Report accepted, and, on motion, the alleys named in said petition were declared vacated.

" 'Yeas: Aldermen Avery, Bowen, Clancy, Hilton, Luce, and McConnell—6.

" 'Nays: None.'

"This is under date February 19, 1859. The entry on page 249 is under date December 2, 1858.

" *Mr. Grove:* I offer in evidence the charter of the city of Grand Rapids for 1857, which was in force at the time the alley was vacated. Title 6, § 1, reads as follows:

" 'The common council of the city of Grand Rapids shall have full power to lay out, establish, open, extend, widen, alter, straighten, close, fill in or grade, vacate or abolish any highway, street, avenue, lane, alley, public grounds or spaces in said city when they deem it a necessary public improvement, and private property may be taken therefor, but the necessity for using such property, the just compensation to be made for the same, and the damages arising to any person for the making of such improvements, shall be ascertained by a jury of 12 freeholders residing in said city.' "

The trial judge held:

"It sufficiently appears by the evidence that this was a vacated alley the title to which was acquired by Mr. and Mrs. Collins, and that it was not and did not become a public alley. * * * If this was a private alley the title to which was in the defendant and his wife, which the court finds, there remains the inquiry whether the charac-

154 MICH.—6.

ter of the use and enjoyment of the alley by the complainants and others was such as to give a prescriptive right. * * * At no time does it appear to have been used in opposition or hostility to Mr. Collins' claims. Such use, therefore, however long continued, must be treated as permissive and not adverse."

Whether or not the evidence supports the finding that the alley in question was legally vacated, the action of the common council was sufficient to negative and repudiate any acceptance of the dedication tendered by the plat. *Plumer* v. *Johnston*, 63 Mich. 165. And prior to conveyances by them of lots abutting on the alley the owners of the fee of the lands on both sides had a complete power of disposition of the alley. *Comstock* v. *Sharp*, 106 Mich. 176.

On the hypothesis that the evidence supports the finding of a vacation, John Clancy became vested with a half interest in the alley, since he had acquired such interest prior to the actual vacation. Defendant and his wife never having acquired the Clancy interest in this alley but only the half interest of the Coits, it seems plain that they never acquired the record title in the whole alley, and that the abutting owners of the lots on the west side of the alley acquired the other half interest.

Complainants' bill of complaint, however, is predicated upon the theory, as stated therein:

"(2) That said Collins Place is a miniature public street or alley and a public highway and a public passageway about 20 feet in width extending through said block No. 2, from Hastings street on the north to Bridge street on the south and has been so used by the public generally, and any and all who cared to pass that way for any and all kinds of traffic for, to wit, 20 years and upwards last past and is still now being so used.

"(3) At the east end of lot 14 complainants have a barn occupying some 20 feet or 25 feet of the north portion of the east end thereof, and the remainder extending from said barn along the east end thereof and along said Collins Place, and to the south line of said lot 14 in the southeast corner thereof is a high board fence in which there

is a gateway, and for passage to and from said lot 14 into and through said Collins Place.

"(4) Said gateway and gate have been maintained and used by complainants in passing to and from said lot through said Collins Place continually since their ownership of said property, and the same has been so maintained and used by complainants' grantors and those holding and owning said property continually for the past 20 years, all claiming a good and perfect right to so use said gateway and said Collins Place. That said user of said Collins Place has been open, notorious, and adverse to any and all claim of a contrary right in said defendant, and with a claim on the part of the said users of an ownership of the right to so do."

In the brief it is said:

"The question involved in this case is the right of complainants to use this 16-foot platted alley. Complainants claim (1) that this is a public alley; (2) that, if private, they have gained the right to the use of it by open, notorious, continuous, and adverse user under claim of right for more than the statutory period."

We deem the evidence conclusive that this was not a public alley, and, considering the case as stated by the bill of complaint, we might stop here. But since the circuit judge considered and determined the second claim above stated, we will do likewise. This claim is based upon the hypothesis that the ownership of the alley, originally in defendant and his wife, has, by adverse user, become subjected to an easement in favor of the complainants which they originally did not possess. It is to be noted, also, that the bill of complaint and the brief proceed upon the theory that complainants' rights attach to the entire alley.

Upon the theory of title in the defendant and his wife originally, we concur in the opinion of the circuit judge that, as against such title, the complainants have not sufficiently shown the acquisition of an easement in the entire alley by adverse user. Manifestly, the defendant's wife should have been made a party to the suit, but, as the circuit court did not make this defect a basis of his

decision, we have not considered it. Our determination of this case is based upon the case as presented by the pleadings and submitted to and considered by the circuit court.

The decree is affirmed, with costs.

GRANT, C. J., and MONTGOMERY, OSTRANDER, and HOOKER, JJ., concurred.