GODFREY LUMBER CO. *v.* KLINE.[1]

1. MECHANICS' LIENS—PARTIES—INCONSISTENT DEFENSES—ESTOPPEL.

The defense to the enforcement of a mechanics' lien that the contract for construction was not defendant's contract but her husband's, would not preclude urging the defense that a necessary party to the proceeding was omitted.

2. SAME—PARTIES—EQUITY.

In such case the failure to include the principal contractor as a party defendant is an objection available against a subcontractor at the hearing, and is ground for a reversal with leave to amend.

[1] Rehearing denied May 7, 1910.

Appeal from Kalamazoo; Smith (Clement), J., presiding. Submitted April 7, 1909. (Docket No. 14.) Decided April 1, 1910.

Bill by the Godfrey Lumber Company against Belle E. Kline to enforce a mechanic's lien. From a decree for complainant, defendant appeals. Reversed, with leave to amend.

*Frost & Farrell,* for complainant.

*D. O. French,* for defendant.

McALVAY, J. Complainant filed its bill in chancery to enforce a mechanics' lien claimed by it upon the premises of defendant for lumber and materials furnished by it "in pursuance of a certain contract with G. W. McConn, the contractor," which lumber and material it is claimed entered into and was used in building a certain house on the premises of defendant situated on West Lovell street in the city of Kalamazoo. The original contractor, McConn, was not made a party defendant to the bill of complaint and was not before the court. The record shows that he entered into a contract in writing on October 14, 1905, with Lawrence A. Kline, the husband of defendant, to furnish everything and complete this house upon these premises according to certain plans and specifications, and for a certain price. McConn then entered into the contract with complainant relied upon in this suit to furnish the material for which a lien is claimed, to enforce which this bill was filed.

Complainant claims this material was furnished from time to time from October 26, 1905, to March 3, 1906. Within a week after he secured this original contract McConn began the work under it and continued until March 1, 1906, when he abandoned the contract. He had been paid money from time to time during the progress of the work. When he quit work the house was inclosed, and the interior finishing was being done. He had never been

settled with by defendant or her husband, and defendant was not a party to the contract of McConn with complainant. When the case came on to be heard, and before the taking of any testimony, defendant objected to the introduction of any proof for several reasons based upon the insufficiency of the claim of lien filed and irregularities in the proceedings, and also because of want of proper parties; the contractor, George W. McConn, not having been made a party defendant. This objection was overruled by the court. It is claimed and not disputed that this objection was also urged in the argument after the testimony was closed. The court, notwithstanding this objection of defendant, proceeded to hear the proofs in the case, and after such hearing granted the complainant the relief prayed and decreed a lien upon the property and ordered a sale thereof.

Complainant contends that on account of the attitude of defendant in her answer and upon the trial she cannot urge this objection. The answer shows that she denied the contract executed by the husband and denied any liability under said contract. Proof was also offered to that effect. In defendant's brief in this court it is admitted that such contention cannot be maintained in this case under the authorities, and complainant was notified of this concession before the briefs were made. There is nothing in the record to indicate that this objection was abandoned. The court did not so consider it in the opinion filed, in which the following appears:

"The legal questions raised by defendant have all been carefully considered. * * * I am of the opinion that the objections raised are not well grounded, and that in my judgment the complainant has brought itself within the lien law of the State, and that the action is properly brought against Mrs. Kline."

The fact that defendant contended in the court below that this was not her contract was not a waiver of the objection that the proper parties were not before the court. In these cases the contractor is a material party defendant

in the bill. This court so held in *Kerns* v. *Flynn*, 51 Mich. 573 (17 N. W. 62). The court there said:

"The case of subcontractors involves inquiry into the contract relations and state of accounts existing between the defendant and the original contractor, and into the contract relations and state of accounts existing between the original contractors and the subcontractors. Both kinds of inquiry are indispensable. It is a fundamental implication of the remedy that an indebtedness from the defendant and in favor of the original contractors must be found and adjudicated. Without it there can be no basis for relief to the subcontractors. * * * The fact of a lien, and the fact of a liability or indebtedness, may actually exist; but they must be adjudged to exist as a preliminary to their enforcement. They can never be taken for granted. So long as a claim is unadjudged, it cannot be enforced, and there is no law for making investigations and decisions in the absence of the parties. They must have an opportunity to be heard, and, if they do not have it, they will not be bound. The doctrine is elementary, and citations are unnecessary."

The court also held that the objection might be taken at the hearing. This has been the law of this State since that decision. It was cited and approved in *Prather Engineering Co.* v. *Railway*, 152 Mich. 585 (116 N. W. 376).

The objection of defendant was well taken. The necessary parties were not before the court. Other questions need not be discussed.

The decree of the circuit court is reversed, with costs of both courts in favor of defendant, and the cause will be remanded to the circuit court, with permission to amend the bill of complaint by making the principal contractor a party defendant. *Casserly* v. *Wayne Circuit Judge*, 124 Mich. 157 (82 N. W. 841, 83 Am. St. Rep. 320); *Prather Engineering Co.* v. *Railway, supra.* If the parties so elect, the case may proceed to a hearing on the record already made.

OSTRANDER, MOORE, BROOKE, and BLAIR, JJ., concurred.