LE ROY *v.* COLLINS.

1. JUDGMENT—CONCLUSIVENESS—RES JUDICATA—MATTER IN ISSUE.
   A judgment is not *res judicata* unless the identical matter in
   issue in the subsequent proceeding was determined by the
   former adjudication.

2. SAME—WORDS AND PHRASES.
   The matter in issue is defined to be that matter upon which the
   plaintiff proceeds by his action and which the defendant con-
   troverts by his pleadings.

3. SAME—ADVERSE POSSESSION—ALLEYS.
   Upon a bill of complaint claiming a right of easement over
   land on the grounds that it was a public alley, and that com-
   plainants had acquired the right of user by prescription, a
   decree dismissing the bill because the evidence did not sus-
   tain the claims of complainants is not conclusive of the de-
   fendant's title in a subsequent action of ejectment wherein
   plaintiffs base their right on a vacation of the alley and re-
   version of the land, and defendant claims title in fee by ad-
   verse possession.

Error to Kent; Perkins, J. Submitted February 7,
1911. (Docket No. 133.) Decided April 1, 1911.

Ejectment by Simeon Le Roy, Sr., and John Le Roy
against Margaret Collins. A judgment for defendant on
a verdict directed by the court is reviewed by plaintiffs
on writ of error. Reversed.

*A. C. Hindman,* for appellants.

*William E. Grove,* for appellee.

BROOKE, J. This is an action of ejectment, in which
the plaintiffs by their declaration claim title in fee to a
part of block 2 of Coit & Company addition to Grand
Rapids, being a piece of land 8 feet east and west by 55
feet north and south, lying east of and immediately ad-
joining lot 14, of block 2, as shown by the recorded map
thereof, and being the westerly half of that portion of the

land adjoining said lot 14, shown in the said map as an alley.   Defendant's plea was the general issue only.

Upon the trial of the case before a jury in the circuit court, the evidence presented was all by way of stipulation and record; no witnesses being sworn or testimony taken.   At the close of the evidence defendant's attorney made a motion that a verdict be directed for the defendant.   The court, after argument, granted the motion, being of opinion that the question at issue in this case had been determined in the chancery suit of *Le Roy* v. *Collins,* reported in 154 Mich. 77 (117 N. W. 579); the defendant in that suit being the husband of the defendant in this suit.   In other words, the circuit judge was of opinion that the chancery suit was *res judicata* of this case. Plaintiffs assign error upon this determination of the circuit court, and have removed the case to this court for review.

Passing the question of the identity of the parties to the two suits, we come directly to inquire what was determined in the chancery cause.   The first essential of the rule of *res judicata* is the identity of the matter in issue.   The " matter in issue " is defined to be " that matter upon which the plaintiff proceeds by his action, and which the defendant controverts by his pleadings." See Chand on Res Judicata, p. 35.   If the same subject-matter comes in question in a second action in a court of last resort, it is bound by its own former decision.   Bigelow on Estoppel (1st Ed.), p. 16.

"A matter or question, either of law or fact, is *res judicata,* or set at rest, as to adverse parties and their respective privies, if it was a material issue in the proceeding, directly involved, and not merely incidentally cognizable nor collaterally in question, and was adjudicated after a contest, by a final judgment on the merits." 1 Van Fleet's Former Adjudication, p. 2.

Now, what was the matter in issue in the chancery proceeding?   Clearly the question of the *ownership* of the alley was not involved, for the complainants, by their bill,

set up no claim of title thereto nor to any part thereof.
They averred that they were entitled to an easement over
the entire strip composing the way, for two reasons:   (1)
Because it was a public alley, and (2) because they had
acquired the right of ingress and egress by adverse user.
The defendant in the chancery suit, by his answer, denied
complainants' right to the easement claimed, and set out
that he and his wife (defendant herein) were the owners
of the whole of said alley by purchase from Daniel W.
Coit.   He says:

"That he and said Margaret Collins have respectively
the legal title to all of lots 1, 4, 5, 8, 9, 12, 13, and 16;
that said private way *is wholly on the lots mentioned.*"

In this answer, he prayed for no affirmative relief, but
asked for a decree dismissing the bill only.   Such a de-
cree was entered in the court below, and, upon appeal,
was affirmed in this court.   That decree determined two
things, and only two.   It determined that the strip in
question was not a public alley, and that complainants
had not acquired an easement over the whole strip by ad-
verse user.   The defendant in the suit at bar can base no
claims of ownership upon a decree which gave her
nothing, but which simply denied complainants the rights
they claimed upon the theories they advanced in their
pleading.

While it is the decree, and not the opinion, which de-
termines what was adjudicated in the cause, a reference
to the opinion filed by this court will demonstrate most
clearly that the question of the *title* to that part of the
alley now in dispute was not determined.   So far as the
question was considered, the court seems to have been of
the opinion that the title thereto was in the plaintiffs, for
it said:

"On the hypothesis that the evidence supports the
finding of a vacation, John Clancy became vested with a
half interest in the alley, since he had acquired such inter-
est prior to the actual vacation.   Defendant and his wife,
never having acquired the Clancy interest in this alley

but only the half interest of the Coits, it seems plain that they never acquired the record title in the whole alley, and that the abutting owners of the lots on the west side of the alley acquired the other half interest." *Le Roy* v. *Collins,* 154 Mich. 82 (117 N. W. 579).

And again:

"We deem the evidence conclusive that this was not a public alley, and, considering the case as stated by the bill of complaint, we might stop here. But since the circuit judge considered and determined the second claim above stated, we will do likewise. This claim is based upon the hypothesis that the ownership of the alley, originally in defendant and his wife, has, by adverse user, become subjected to an easement in favor of the complainants which they originally did not possess. It is to be noted, also, that the bill of complaint and the brief proceed upon the theory that complainants' rights attach to the entire alley." *Id.* 83.

We have now, for the first time in the case at bar, the question presented whether the plaintiffs are still the owners of that portion of the alley lying immediately in the rear of their lot. Upon the vacation of the alley, they acquired title thereto. Have they lost that title through the adverse possession of the defendant? That question was not in issue in the chancery case, and must be answered in this proceeding.

The judgment should be reversed, and a new trial ordered.

OSTRANDER, C. J., and BIRD, BLAIR, and STONE, JJ., concurred.