GODFREY LUMBER CO. *v.* KLINE.

1. RES JUDICATA — JUDGMENTS — MECHANICS' LIENS — PARTIES — EQUITY.

A decree on appeal determining that a necessary party was omitted from a suit to enforce the lien of a materialman is not conclusive of the contention that the notice of lien was insufficient, where defendant demurred to an amended bill filed after the appeal.

2. MECHANICS' LIENS—CONSTRUCTION—STATUTES.

Mechanics' liens are in derogation of the common law, depending for their existence wholly upon statutes; and upon the question whether a lien attaches at all, a strict construction is adopted, but after the lien has once attached a liberal construction should be given to the statute for the fulfillment of its purposes.

3. MECHANICS' LIENS—TIME—NOTICE—WORDS AND PHRASES.

A notice of mechanics' lien served on the owner of the premises stating that the last of the materials was furnished "on or about the 3d of March," is uncertain, indefinite and insufficient to create the lien under 3 Comp. Laws, § 10714.

Appeal from Kalamazoo; Knappen, J. Submitted November 10, 1911. (Docket No. 91.) Decided December 8, 1911.

Bill by the Godfrey Lumber Company against Belle E. Kline and George W. McConn to enforce a mechanics' lien. From an order sustaining a demurrer to complainant's bill and dismissing the same, complainant appeals. Affirmed.

*Frost & Farrell*, for appellant.

*D. O. French*, for appellees.

MOORE, J. This case has been in this court before, and is reported in 160 Mich. 565 (125 N. W. 682). A reading of the opinion will be necessary to an understanding of the questions now presented. After the case was here, an amended bill of complaint was filed, and Mr. McConn was made defendant. The defendant Kline demurred to the bill of complaint for something like 20 reasons. The demurrer was sustained. The complainant did not indicate a desire to further amend the bill of complaint, and a decree was entered dismissing it.

As to the reasons stated by defendant Kline in her demurrer, counsel say:

"We do not consider it necessary to discuss this question further, as in our opinion, it has already been disposed of by the dicision of this court upon the former hearing. All of the objections made now were raised by the pleadings and urged in both courts upon the former hearing, and the decision rendered by this court is *res adjudicata* on all questions raised by such pleadings"—citing many cases.

We think the contention is fully met by the following language in the opinion handed down:

"The necessary parties were not before the court. Other questions need not be discussed.

"The decree of the circuit court is reversed, with costs of both courts in favor of defendant, and the cause will be remanded to the circuit court, with permission to amend the bill of complaint by making the principal contractor a party defendant. *Casserly* v. *Wayne Circuit Judge*, 124 Mich. 157 (82 N. W. 841, 83 Am. St. Rep. 320); *Prather Engineering Co.* v. *Railway, supra* [152

Mich. 585 (116 N. W. 376)]. If the parties so elect, the case may proceed to a hearing on the record already made."

See, also, *Le Roy* v. *Collins,* 165 Mich. 380 (130 N. W. 635).

The notice of the claim of lien was served upon Mrs. Kline April 30, 1908. It is stated therein:

"The furnishing of such materials was begun on or about the 26th day of October, A. D. 1905, and the last of such materials were furnished on or about the 3d day of March, A. D. 1906."

The amended bill of complaint states:

"Your orator further shows that in pursuance of said agreement materials were furnished and delivered upon said premises. That the first of such materials were furnished on or about the 26th day of October, A. D. 1905, and the last of such materials were furnished on or about the 3d day of March, A. D. 1906.

"Your orator further shows that upon the 30th day of April, A. D. 1906, it caused a notice of the fact that it was furnishing materials to George W. McConn for building, improving, altering, erecting, and ornamenting the house being erected upon the property herein described, to be served upon the said Belle E. Kline and her husband, Lawrence A. Kline."

The solicitor for Mrs. Kline insists that there is a failure in the notice of lien to comply with section 10714, 3 Comp. Laws, as to the time of furnishing the material and as to the date when the furnishing of material was begun and the date when the last of such materials was furnished. In reply to this claim, the solicitors for complainant say (we quote from the brief):

"The courts at one time were inclined to hold that attachments for mechanic liens were in derogation of the common law, and their provisions should therefore be construed strictly against those who sought to avail themselves of their benefits; but the better doctrine now is that these statutes are highly remedial in their nature and should receive a liberal construction. The theory and object of the lien law is to afford an opportunity for collect-

ing for lumber, labor, or materials furnished in good faith in the construction of a building, and, while the proceedings are statutory, the courts generally do not place such a construction upon the law as to defeat an honest claim, if the parties have in good faith endeavored to follow the statute and where no third party's rights intervene"—citing cases.

We do not find any warrant for this view of the law in the opinions of this court. In *Smalley* v. *Terra-Cotta Co.*, 113 Mich. 141 (71 N. W. 466), it was said:

" It may be difficult to harmonize all of the language in these decisions. It seems to me, however, that the rule is correctly stated in 2 Jones, Liens, § 1554, where it is said:

" 'The rule of construction applicable to questions arising under these liens may be strict at one stage of the proceedings, and liberal at another. Mechanics' liens are in derogation of the common law, depending for their existence wholly upon statutes, and therefore, upon the question whether a lien attaches at all, a strict construction is proper.'

" Section 1556 of the same author reads:

" 'But, after the lien has once attached, a liberal construction should be put upon the statute, for the purpose of fulfilling its objects. The statute is highly remedial in its nature, and should receive a practical and reasonable construction to effect its objects.' "

We do not understand this court has departed from the above view of the law.

This brings us back to the question of whether the statute requiring a statement of the time of furnishing the material, and of the dates when the furnishing of the materials commenced and ended, has been met. It will be remembered that notice of the claim of lien was served upon Mrs. Kline April 30th, 58 days after the 3d of March. The complainant was dealing with the contractor, McConn. The statement in the claim of lien is that "the last of such materials were furnished on or about the 3d day of March, A. D. 1906."

In volume 6, Words and Phrases, p. 4966, the following occurs:

"The phrase 'on or about' a certain day is not a sufficiently definite description as to time and place of the occurrence of an accident to constitute a compliance with Laws 1889, chap. 440, providing that no action shall be maintained against a village unless the claim shall have been presented and notice of the time and place at which the injuries were received filed with the village clerk. *Lee* v. *Village of Greenwich,* 48 App. Div. 391 (63 N. Y. Supp. 160, 161).

"'On or about,' as used in a finding that a building on which a mechanic's lien was claimed was completed on or about a certain date, is a relative term, and, the filing of the notice of a mechanic's lien being required to be made within a certain number of days after the completion of the building, it is uncertain and indefinite. 'On or about' is sufficiently definite in certain connections; but in cases of this kind, where the right of a person depends upon his doing a particular thing within a definite number of days after a certain event, it is necessary for him to allege and prove that the acts were performed within the time required by law. *Cohn* v. *Wright,* 89 Cal. 86 (26 Pac. 643)."

In the lien case of *Cohn* v. *Wright,* 89 Cal. 86 (26 Pac. 643), occurs the following language:

"'On *or about* the 22d day of November, 1889,' is too indefinite and uncertain. 'On or about' is a relative term. It is sufficiently definite in certain connections, but in cases of this kind, where the right of a person depends upon his doing a particular thing within a definite number of days after a certain event, it is necessary for him to allege and prove that the acts were performed within the time required by law. An allegation that the plaintiff had filed his notice of lien 'on or about' a certain day would not be good, and a finding on these words is equally insufficient."

In *Armstrong* v. *Chisolm,* 100 App. Div. 440 (91 N. Y. Supp. 693), it is said:

"A notice of lien must be sufficient in and of itself without reference to extrinsic proof to supplement deficiencies in it."

In *Wolf Co.* v. *Pennsylvania Railroad,* 29 Pa.

Super. Ct. 439, a statute quite like the Michigan statute was involved. The claim of lien stated: "The last materials therefor were delivered on or about July 30, 1903." The court said, in dismissing the lien, among other things:

"It is important in determining the rights of the parties under mechanics' liens that the date of the last item of a claim shall be definitely fixed. The statute expressly requires that the claimant shall, under the sanctity of an oath, inform the owner of that date. A notice which without satisfactory explanation leaves that date uncertain, fails to meet the statutory requirement."

In *May, etc., Brick Co.* v. *Engineering Co.* (Supreme Court of Illinois), 180 Ill. 540 (54 N. E. 640), in construing a lien law like ours, it was said:

"This lien, like all others of the same character, should be fairly enforced when the party brings himself within the provisions of the statute, but it should not be extended to cases falling within the reason, but not provided for by the language of the statute.

"The provision in section 4, *supra*, that the statement required by the section shall set forth 'the times when such material was furnished or labor performed,' is material and imperative."

In 1 Jones on Liens, § 105, it reads:

"The courts cannot extend the statute to meet cases for which the statute itself does not provide, though these cases may be of equal merit with those provided for."

We have examined the cases cited by counsel, of *Smalley* v. *Terra-Cotta Co.*, 113 Mich. 141 (71 N. W. 466), an *Union Trust Co.* v. *Casserly*, 127 Mich. 183 (86 N. W. 545), and think they do not aid claim of counsel for complainant. As the claim of lien in the case at bar was not filed until the 30th day of April—58 days after March 3d—the exact date when the last of the material was furnished becomes a material fact. "On or about March 3d" is too indefinite and uncertain. "It is a relative term." It is impossible for any one to ascertain from the claim of lien itself, whether complainant has a

legal and valid claim of lien, and one which should be settled in order to avoid costs and troubles of litigation. Neither could this material fact be determined from the bill of complaint. The claim of lien and bill of complaint are both sworn to, and yet it is impossible to tell from either of them that the claim of lien was filed within 60 days after the furnishing of the last of the material, and the defendant, not knowing anything about it, could only decide after hearing the proofs upon the trial.

The defendant ought not to be put in this position, as the facts were within the knowledge of the complainant, and it ought not to have been difficult for him to have complied with the requirements of the statute. Not having done so, he cannot invoke the aid of the statute. A compliance was essential before the lien attached. See *Lindsay* v. *Huth,* 74 Mich. 712 (42 N. W. 358); *Gibbs* v. *Hanchette,* 90 Mich. 661 (51 N. W. 691); *Smalley* v. *Terra-Cotta Co.,* 113 Mich. 141 (71 N. W. 466); *Hall* v. *Erkfitz,* 125 Mich. 335 (84 N. W. 310); *Lacy* v. *Power & Heat Co.,* 157 Mich. 544 (122 N. W. 112, 133 Am. St. Rep. 360); *Sheldon, Kamm & Co.* v. *Bremer,* 166 Mich. 578 (132 N. W. 117).

The decree is affirmed, with costs.

OSTRANDER, C. J., and McALVAY, BROOKE, and STONE, JJ., concurred.