VYSE *v.* RICHARDS.

JUDGMENT—APPEAL AND ERROR—RES JUDICATA.
On appeal, the decree of the court below adjudging that the matters set forth in plaintiffs' bill were adjudged and decided in the case of *Morris* v. *Vyse*, in the circuit court for the county of Wayne, in chancery, being case No. 29,199, and that plaintiffs were therefore estopped from maintaining the present suit, *held*, justified by the record in said case.

Appeal from Wayne; Goff (John H.), J. Submitted October 7, 1920. (Docket No. 49.) Decided December 21, 1920.

Bill by Charles Vyse and others against Mary A. Richards and another to enforce a trust, and for an accounting. From a decree for defendants, plaintiffs appeal. Affirmed.

*Hollis Harshman* and *Howard H. Campbell,* for plaintiffs.

*William E. Henze,* for defendants.

MOORE, C. J. Plaintiffs claim in substance that Tillie A. Vyse furnished the money with which certain real estate was bought, the title to which was taken in the name of the defendants, that they held the title in trust for Tillie A. Vyse. The further claim is made that, as Mrs. Vyse is dead, plaintiffs as her heirs are entitled to have the trust enforced and an accounting had.

The chancellor made a decree reading in part as follows:

"It is now hereby adjudged and decreed and the

court now does adjudge and decree that the matters set forth in plaintiff's bill in this cause were controverted, adjudged and decided in the case of Joseph C. Morris, administrator of the estate of Charles L. Fish, deceased, v. John A. Vyse, administrator of the estate of Tillie A. Vyse, deceased, Maud A. Kuhn and Mary A. Richards, in the circuit court for the county of Wayne, in chancery, being case No. 29,199, and that the said matters are *res judicata* and that the plaintiffs herein are barred by the decree in said cause and estopped from making the claims set forth in their bill of complaint in this cause.

"And it is further ordered that title of defendants in and to the real property described in said bill of complaint be, and the same is hereby quieted as against the claims of said plaintiffs and that the defendants recover their costs against said plaintiffs."

The case is brought here by appeal.

Counsel for appellants say in their brief:

"Only one question is raised by this record and that is whether the case of Morris v. Vyse of the chancery court of Wayne county, and the issues therein adjudicated, are a complete estoppel to the bringing of this action. This court has aptly stated the principle as follows:

" 'The first essential of the rule of *res judicata* is the identity of the matter in issue. The matter in issue is defined to be that matter upon which the plaintiff proceeds by his action, and which the defendant controverts by his pleading. If the same subject-matter comes in question in a second action in a court of last resort, it is bound by its former decision.' *LeRoy* v. *Collins*, 165 Mich. 380."

It is the claim of defendants that other questions are involved, that in Michigan a trust in real estate must be created by a written instrument, citing 4 How. Stat. (2d. Ed.) § 10677 (3 Comp. Laws 1915, § 11573).

It is the further claim that the record discloses that the money which was used to purchase the lands described in the bill of complaint was obtained by Tillie

212—Mich.—25.

A. Vyse from Charles L. Fish by means of fraud, and that the plaintiffs in the instant case stand in the place of Tillie A. Vyse, and as no relief could be granted to her, none can be granted to them.

The plaintiffs are heirs at law of Tillie A. Vyse. The record shows in detail what was done in the litigation wherein Joseph C. Morris, administrator of the estate of Charles L. Fish, deceased, was plaintiff, and John A. Vyse, administrator of the estate of Tillie A. Vyse, deceased, Maude A. Kuhn and Mary A. Richards were defendants. In that case Judge Parkinson filed an elaborate opinion. Tillie A. Vyse was represented by counsel and filed an answer. The decree of the court found that all of the money furnished the defendants for the purchase of the real estate was improperly obtained by Mrs. Vyse from one Charles L. Fish, and that plaintiff in that case was entitled to recover the full amount thereof, with interest. The record shows that by the permission of the probate court the plaintiff in that case, who was the heir at law of Mr. Fish, was authorized to settle the decree, and that defendants paid upwards of $20,000 in settlement thereof. It also shows that John A. Vyse, the husband of Tillie A. Vyse, as an individual and as administrator of her estate, received a very substantial portion of the money so paid by the defendant.

A reading of the bill of complaint, the several answers of the defendants, the opinion of Judge Parkinson, the decree that followed, the settlement of that decree that was soon after perfected, and the division of the money received in settlement, these facts and the others shown in the records in the former litigation satisfy us that Judge Goff was quite right in his disposition of the case.

The decree is affirmed, with costs to the defendants.

STEERE, BROOKE, FELLOWS, STONE, CLARK, BIRD, and SHARPE, JJ., concurred.