## The People on the relation of Jortin Forbes v. The Judge of the Washtenaw Circuit Court.

*The setting aside of service of writ of replevin after the return day operates as a
discontinuance: Defendant may proceed accordingly.* Where service of a writ
of replevin is set aside after the return day, there can be no new service,
and it operates as a discontinuance; and a defendant whose property has
been taken may have a return, or waive it and require an assessment of dama-
ges. The court cannot refuse him his remedy.—*People v. Tripp*, 18 *Mich.*,
*518, approved.*

*Heard October 17. Decided October 18.*

Application for *mandamus.*

One William Burnham brought replevin against the
relator, in the circuit court for the county of Washtenaw.

The writ having been served and the property delivered to the plaintiff, the service was, on motion of the defendant, set aside after the return day named in the writ. The defendant then made in writing and filed in the cause, his election to waive a return of the property replevied and a claim for an assessment of the value thereof, and subsequently moved to have the cause stand for such assessment. The court denied the motion on the ground that he had no jurisdiction of the cause, and therefore no authority to grant such motion.

The relator now applies to this court for a writ of *mandamus*, commanding said circuit judge to order said cause to stand for the assessment of the value of the property so replevied.

*Lawrence & Frazer*, for the relator.

*D. Cramer*, for the respondent.

PER CURIAM.

This motion is not to be distinguished in any essential feature from *People v. Tripp, 15 Mich., 518.*

When the service of the writ was set aside, the case was at an end, as the return day had passed, and there could be no further service. This amounts, in legal effect, to a discontinuance of the cause. The statute clearly provides in such a case that a party defendant, whose property is taken, may waive a return; and in such a case he is entitled to his assessment of damages. The property having been taken under the writ, the court, whose process was used, must have power to redress the mischief, and could order a return. But the statute allows the defendant, if he chooses, to take judgment for its value.

The writ is allowed, with costs against the plaintiff in replevin.