JOHN HUMPHREY v. WILLIAM A. BAYN.

*Judgment for return or value on quashing writ of replevin.*

Where property is described in a writ of replevin and taken under it, and the writ is quashed, the defendant is entitled to a judgment of return or for its value on waiver of return.

The fact that the description given in the writ is of such an interest as should not be made the subject of replevin, does not deprive the court of jurisdiction to award such judgment. It is only where no description is set forth at all in the writ that the jurisdiction, which is confined to what is thus set forth, fails.

A waiver of return in a justice's court, made in open court and entered by the justice at defendant's request, is sufficient to authorize a judgment for value instead of for a return.

If a writ of replevin is sworn out in a justice's court for less than $100, the justice may give defendant judgment for the value although exceeding that sum: *Henderson v. Desborough* 28 Mich. 170 followed.

*Parsell v. Genesee Circuit Judge* 39 Mich. 542, distinguished on the question of jurisdiction, as a case where the writ described nothing.

Error to Jackson. Submitted Jan. 26. Decided April 13.

REPLEVIN. Defendant brings error. Reversed.

*Melville McGee* for plaintiff in error.

*A. & C. A. Blair* for defendant in error.

CAMPBELL, J. Bayn sued out a writ of replevin from a justice of the peace in Jackson county, in which the officer who served it was directed to levy it upon " one lot of wheat, it being $\frac{1}{8}$ of $\frac{17}{32}$ parts of wheat raised by John Humphrey on the old Bayn farm, in Spring Arbor, that being the share of the said William Bayn of the crop coming to him as owner of one-half and one-fourth of one-eighth of said farm," etc. Seizure was made of a specific number of bushels, amounting to something over 92 bushels, and the wheat was delivered to Bayn. Bayn declared for " about one hundred bushels of wheat," etc., " which said wheat was the portion belonging, coming to, and due to said plaintiff, as owner of $\frac{17}{32}$ parts of land on which said defendant raised the same, the amount being $\frac{1}{8}$ of $\frac{17}{32}$ parts of the wheat raised by the defendant on said land, more or less," etc.

The writ and proceedings were quashed on motion of defendant Humphreys, on the ground that it appeared from the writ and affidavit that the parties were tenants in common, and the interest sued for was an individual interest. Thereupon defendant waived a return, and the court, after taking time to consider, rendered judgment of $106.80 for the value of the wheat, and $8.42 costs.

Bayn removed this judgment to the circuit court of Jackson county, by *certiorari*, setting up want of jurisdiction,

absence of written waiver of return, lack of evidence, and unlawful adjournment, as causes of reversal. The judgment was reversed, and the case comes up for review.

The waiver was entered by the justice at the request of the defendant, and nothing more seems to be required by law. The return shows that there was evidence of the value of the wheat, and also shows that the adjournment was made for less than four days after hearing and by consent of parties. These objections, therefore, are not sound.

It was decided in *Henderson v. Desborough* 28 Mich. 170 that a justice could render judgment for more than $100, if the writ was sworn out for less.

It is claimed that this case comes within the principle of *Parsell v. Genesee Cir. Judge* 39 Mich. 542, where it was held the court could not assess the value of the property because the writ contained no description of any, and had been quashed on that account. That decision was based on the statute which allows an assignment only in cases where "the property specified in the writ" had been delivered to the plaintiff. Comp. L. §§ 6758-9. The writ there specified nothing at all.

There was no such defect in this case. The property was sufficiently described and identified, and it was seized under the writ. If there was any defect it was in attempting to reach an undivided interest, when the defendant could not lawfully be dispossessed of such an interest by replevin. It was not a void writ, or one which gave no jurisdiction, and the seizure under it was of the property *in specie*. It is certainly open to question whether the description is not consistent with a lot of wheat separated from the entire crop and amounting to Bayn's share. The officer seems to have so treated it, and to have seized what was supposed to be that share. If the case had gone to issue and trial, there can be no doubt the property actually taken would have been lawfully involved in the proceedings. We think the case was one where the justice could deal with the question disposed of.

Counsel on both sides agree that the judgment quashing the proceedings was equivalent to a judgment of nonsuit or

discontinuance. In such a case, when the property has been given to plaintiff under the writ, the party dispossessed has a right to have a return, or to waive a return and have a judgment for the value of the chattels replevied. Comp. L., §§ 6758-9. This case is within the rule laid down in *People v. Tripp* 15 Mich. 518, and *Forbes v. Judge of Washtenaw* 23 Mich. 429.

The circuit court erred in reversing the judgment. The judgment of the circuit court must be reversed, and that of the justice affirmed, with costs of all the courts

The other Justices concurred.