WILLIAM BURK v. THE MUSKEGON MACHINE & FOUNDRY COMPANY ET AL.

*Pleading—Parties—Demurrer—Action against receiver.*

1. Where several defendants join in a general demurrer to a bill to foreclose a mechanic's lien, only such grounds of demurrer will be considered as are available to all of the demurrants; citing *Sweet v. Converse*, 88 Mich. 1.

2. On the hearing of a general demurrer to a bill in equity, the defendants may orally assign any cause of demurrer co-extensive with the demurrer upon the record.

3. The receiver of the contractee is a necessary party to a bill filed by the contractor to foreclose a mechanic's lien; and, unless the bill makes a case against him, it must fail as to the other defendants.

4. A receiver cannot be sued without leave of the court appointing him, and where, in an equity suit, the bill fails to state that it is filed by leave of the court, the question may be raised by general demurrer.

Appeal from Muskegon. (Dickerman, J.) Submitted on briefs November 23, 1893. Decided February 6, 1894.

Bill to foreclose a mechanic's lien. Order overruling

demurrer reversed, and recorded remanded, with leave to complainant to apply for leave to amend the bill. The facts are stated in the opinion.

*Chamberlain & Cross,* for complainant.

*Smith, Nims, Hoyt & Erwin,* for appellants.

McGRATH, C. J.    This is an appeal from an order overruling a demurrer to a bill to foreclose a builder's lien claimed under a contract with the Muskegon Machine & Foundry Company.    Eight other parties are joined as defendants, under a general allegation that they "have or claim to have an interest in the premises, or in some part or parts thereof, as subsequent purchasers, mortgagees, lien claimants, or otherwise."    One John J. Howden is also made defendant, and the bill alleges, respecting him, that on September 20, 1892, complainant "caused to be served upon one John J. Howden, who theretofore, and on or about the 6th day of September, 1892, was appointed receiver for the said Muskegon Machine & Foundry Company, by the order of this honorable court, in a suit then and now pending in said court between Union National Bank of Muskegon, as complainant, and said Muskegon Machine & Foundry Company and others, as defendants, a true copy of his verified statement or account," and that John J. Howden, as such receiver, "claims to have some right, title, or interest in and to the said described premises by virtue of his powers and duties as such receiver." The Muskegon Machine & Foundry Company, John J. Howden, and two others join in a general demurrer.

The only grounds of demurrer that will be considered are such as are available to all of the demurring defendants.    *Sweet v. Converse,* 88 Mich. 1.    The receiver of the contracting party is a necessary party to the bill, and, unless a case is made by the bill as against him, it

must fail as to the other defendants. It is well settled that a receiver cannot be sued without leave of the court appointing him. *Tremper v. Brooks*, 40 Mich. 333; *Citizens' Sav. Bank v. Circuit Judge*, 98 Id. 173. The bill, in the present case, fails to state that it is filed by leave of the court; and in such case, the defect being apparent on the face of the bill, the question may be raised by demurrer. Jenn. Ch. Pr. 59. At the hearing of a general demurrer, the defendant may orally assign any cause of demurrer which is co-extensive with the demurrer upon the record. Jenn. Ch. Pr. 61.

The order of the circuit court in chancery will be reversed, and the demurrer allowed, with costs of both courts. The record will be remanded, with leave to complainant to apply to that court for permission to amend the bill.

The other Justices concurred.