The circuit court for the county of Wayne, which had entered an order dissolving a corporation and appointing receiver, on petition filed therefor granted permission by order to George W. Auch to sue the receiver, without notice of a motion for the hearing thereof having been given to them or to their attorneys. Leave to appeal therefrom was granted by this court.
Michigan Court Rule No. 10 provides for the filing of special motions and that (section 21):
"Notice of the argument of motions and petitions (except motions for continuance and motions to strike causes from calendar), together with a copy thereof and of the affidavits on which they are based, shall in all cases be served on the opposite attorney at least four days before the time noticed for hearing the same." *Page 673 
Counsel rely upon our holding in McConnell v. Wayne CircuitJudge, 231 Mich. 184, 186, wherein it was said:
"The motion was a special one, and orders may not be made on such motions without notice, unless specially permitted by statute or rule. Circuit Court Rule No. 15."
This rule was similar to that above referred to.
"A receiver has been defined as an indifferent person between the parties to a cause, appointed by the court to receive and preserve the property or fund in litigation, and receive its rents, issues, and profits, and apply or dispose of them at the direction of the court when it does not seem reasonable that either party should hold them. * * *
"Generally speaking a receiver is not an agent, except of the court appointing him; the very term receiver negatives such an idea. He is merely a ministerial officer of the court, or, as he is sometimes called, the hand or arm of the court. He stands in an indifferent attitude, not representing the plaintiff or the defendant, but really representing the court, and acting under its direction, for the benefit of all the parties in interest. He is a quasi-trustee, holding the fund for the benefit of whoever may eventually establish title thereto. His acts and possession are the acts and possession of the court. His contracts and liabilities in contemplation of law are the contracts and liabilities of the court." 23 R. C. L. p. 7.
A receiver cannot be sued without leave of the court appointing him. Burk v. Muskegon Machine Foundry Co.,98 Mich. 614. But, while interested in the preservation of the property which shall come into his hands, he has no official concern as to the parties to whom the proceeds thereof shall be distributed. He is but "an arm of the court" in the *Page 674 
performance of his duties, and need not be consulted by it in the making of orders which seem to it just and proper.
After this order was made, the receivers might have moved the court to set it aside and presented any facts which in their opinion would have warranted such action on its part. But, in our opinion, the court was under no obligation to consult them before making it. The rule relied on is not applicable to such an order. See Brandimore v. Dickens, ante, 128.
The appeal is dismissed, with costs to appellee.
CLARK, C.J., and McDONALD, POTTER, NORTH, FEAD, WIEST, and BUTZEL, JJ., concurred.