MANCHURE *v.* WAYSIDE OIL CORP.

1. RECEIVERS—LEAVE TO SUE.
   In this jurisdiction receiver may not be sued without leave of court of which he is ministerial officer.

2. SAME—REPLEVIN—VALIDITY OF JUDGMENT IN FAVOR OF RECEIVER.
   Where, without leave of court, replevin was brought against receiver and certain goods seized, it was duty of receiver to take judgment either for return of property seized or for its value, and, receiver needing no leave to take such judgment, it was neither void nor voidable for want of leave (3 Comp. Laws 1929, §§ 16148, 14844).

3. REPLEVIN—RIGHT TO RECOVER—JUDGMENT.
   Where judgment against plaintiff for value of goods taken by him in replevin vested right thereto in him, he is entitled to recover possession thereof as against one who came into possession without right.

Appeal from Wayne; Doty (Frank L.), J., presiding. Submitted June 9, 1932. (Docket No. 62, Calendar No. 36,338.) Decided September 16, 1932.

Case by Efem Manchure against Wayside Oil Corporation, a Michigan corporation, for conversion of certain oil containers. Verdict for plaintiff. Judgment *non obstante veredicto* for defendant. Plaintiff appeals. Reversed, and judgment ordered entered for plaintiff.

*Leithauser, Brown, Lenehan & O'Donnell,* for plaintiff.

*Clark, Klein, Ferris & Cook* (*Robert C. Winter,* of counsel), for defendant.

Wiest, J. In this jurisdiction a receiver may not be sued without leave of the court of which he is a ministerial officer. *In re Guaranty Indemnity Co.,* 256 Mich. 671. Plaintiff herein, in the court of common pleas, without leave, replevined oil containers in the possession of the receiver for the Motor Oil Corporation, and upon trial the receiver waived return of the property and took judgment for the value thereof. Plaintiff appealed to the circuit court. The appeal was dismissed, and the receiver brought suit against the surety on the appeal bond, obtained judgment, issued execution, and filed a bill in aid of execution.

Plaintiff stored the containers on the premises of a friend, and the friend, without leave to do so, turned the same over to defendant herein upon his debt to that corporation. Plaintiff then brought this suit to recover damages for conversion by defendant, and, upon trial by jury, had verdict, and

this is an appeal from a judgment entered in favor of defendant notwithstanding the verdict.

To establish his right to the oil containers, plaintiff relied upon the judgment against him in the replevin suit for their value. The trial judge held that judgment a nullity for want of leave to sue the receiver.

Was the judgment in favor of the receiver in the replevin suit void? The judgment in the replevin suit was neither void nor voidable. If it appeared that plaintiff therein had no right to sue out the writ, but by the writ property had been taken and delivered to plaintiff, the court, by virtue of the replevin statute (3 Comp. Laws 1929, §§ 16148, 14844), had power to order return of the property or enter, at the receiver's election, judgment in his favor for its value.

As said in *Forbes* v. *Washtenaw Circuit Judge*, 23 Mich. 497:

"The property having been taken under the writ, the court, whose process was used, must have power to redress the mischief, and could order a return. But the statute allows the defendant, if he chooses, to take judgment for its value."

Upon dismissal of the writ of replevin and waiver of return of the property, it was the duty of the justice to enter judgment in favor of defendant therein for its value, if so requested. *People, ex rel. La Barr,* v. *Osborn,* 38 Mich. 313.

In *Humphrey* v. *Bayn,* 45 Mich. 565, the writ of replevin was quashed, yet right to have return or judgment for value remained.

In *Johnson* v. *Dick,* 69 Mich. 108, due service of the writ was not made, and the suit was dismissed, but this did not end power to enter judgment for the value of the property taken.

It was the duty of the receiver to take judgment, either for return of the property seized or for its value. Plaintiff needed leave in order to bring replevin, but the receiver needed no leave to take judgment against plaintiff. The judgment in the replevin suit for the value of the containers vested rights of the receiver thereto in plaintiff, and, as defendant herein came into possession of the containers without right, the judgment in the circuit court is reversed, with costs to plaintiff, and the case remanded to the circuit court to enter judgment for plaintiff in accord with the verdict of the jury.

CLARK, C. J., and McDONALD, POTTER, SHARPE, NORTH, FEAD, and BUTZEL, JJ., concurred.