*In re* PETITION OF CHAFFEE.

1. Receivers—Possession of Receiver is That of Court—Consent of Court.

When receiver has taken possession of property, such possession is that of court, and no proceeding may be taken which attacks or challenges such possession without court's permission.

2. Same—Enforcement of Lien.

In this State, consent of court in which· receivership proceeding is pending is necessary to valid proceeding to enforce lien against property in receiver's possession.

3. Mortgages—Foreclosure by ˙ Advertisement—Consent of Court—Receivers.

That statutory foreclosure by advertisement is not strictly proceeding in court does not render it immune from judicial supervision in proper cases, such as foreclosure of mortgage on property in possession of receiver.

4. Constitutional Law—Receivers—Consent of Court—Foreclosure of Mortgage—Impairment of Contract.

Requiring court's permission to foreclose mortgage on property in receiver's possession is not impairment of contractual right.

5. Receivers—Purpose of Receivership.

Receiverships are designed to accomplish in orderly manner under supervision of court maximum benefits to all concerned.

6. Mortgages—Foreclosure—Receivers—Consent of Court—Contempt.

Prosecuting statutory foreclosure of mortgage without court's consent against property in immediate possession and use of receivers, when it was fully known to mortgagee that receivership was pending, was contempt of court, warranting court, in exercise of its discretion, in decreeing foreclosure sale and sheriff's deed void and of no effect.

7. Same—Discretion of Court.

Where foreclosure of mortgage on property in receiver's possession was without court's consent, constituting contempt,

sheriff's deed is not necessarily void rather than voidable, but question of sustaining rights of receiver and dignity of court is largely within discretion of court in which receivership is pending.

Appeal from Kent; Brown (William B.), J.   Submitted November 4, 1932. (Docket No. 224, Calendar No. 36,927.)  Decided March 2, 1933.

In the matter of the petition of Burt K. Chaffee and others for the dissolution of Chaffee Brothers Furniture Company, a Michigan corporation. Miles A. Chaffee and another, receivers, filed petition to set aside mortgage foreclosure sale, where foreclosure proceedings were had without consent of court.  Petition granted.  Defendant appeals.  Affirmed.

*Fred P. Geib,* for appellant.

*Warner, Norcross & Judd* and *Conrad E. Thornquist,* for appellees.

NORTH, J.  On July 13, 1931, a decree of dissolution of the Chaffee Brothers Furniture Company was entered in the circuit court of Kent county.  Receivers were appointed.  At that time Chaffee Brothers Furniture Company was the owner in fee of a parcel of real estate subject to· a $2,000 mortgage.  The Otterbein Home, a division of the Church of the United Brethren of Dayton, Ohio, was the assignee of the mortgagee.  There being default, foreclosure proceedings by advertisement were instituted under the statute (3 Comp. Laws 1929, § 14427) after the receivers went into possession and began using the mortgaged premises.  The foreclo-

sure sale was made by the sheriff March 19, 1932, the mortgagee becoming the purchaser. Four months later the receivers filed the petition herein, by which they asked that the foreclosure proceedings be set aside and that the sheriff's deed given upon foreclosure be decreed "void and of no effect." The relief sought was granted on the ground that the attempted statutory foreclosure was null and void for the reason that it was consummated without the consent of the court in which the receivership was pending. The Otterbein Home, as purchaser, has appealed.

The question presented is whether this statutory foreclosure is null and void because permission to institute the foreclosure proceedings was not first obtained from the court in which the receivership was pending. On this question there is lack of harmony in decisions of various jurisdictions. In support of the rule that it is not necessary to obtain the consent of the receivership court is the case of *McKnight* v. *Brozich,* 164 Minn. 90 (204 N. W. 917, 43 A. L. R. 1352, and note). The opinion in the foregoing case contains numerous citations of authorities, also a somewhat detailed review of *Wiswall* v. *Sampson,* 14 How. (55 U. S.) 52, which case has many times been referred to- as the leading authority holding that consent of the receivership court is a necessary prerequisite. However, in Michigan we are already committed to the view that, when a receiver has taken possession of property, such possession is that of the court itself, and no proceedings can be taken which attacks or challenges such possession without leave first obtained. Careful consideration is given to this phase of the law in Justice LONG's opinion, found in *Campau* v. *Detroit Driving Club,* 130 Mich. 417, where many decisions are cited and quoted

somewhat at length. In an earlier decision of this court it is said:

"It is a general rule that property in custody of the law is not subject to attachment or garnishment. The law does not permit one court to assume control over the representative of another court, or the property confided to his charge. By this it is not meant that personal remedies against the individual may not be sought, but that any proceeding in the nature of an action *in rem,* whereby it is sought to reach the property which another court has taken possession of, is forbidden." *Hudson* v. *Saginaw Circuit Judge,* 114 Mich. 116 (47 L. R. A. 345, 68 Am. St. Rep. 465).

It will be noted that many decisions, especially such as those involving attempts to attach or garnishee property in the receiver's possession, arise out of litigation in which it is sought to gain a preference in the receivership property as against rights of other creditors of the same class. Obviously such preference should not be permitted. But it is urged that the rule of such cases should not prevent one who has an unquestioned paramount lien from asserting such right. The answer is that such a lienholder is not deprived of his priority of claim or of his security by the requirement that he shall not enforce it without first obtaining consent of the receivership court. This requirement is a matter of procedure; and has to do with the orderly management of receiverships. The holding that, under certain conditions; a lien claimant may not proceed to enforce his claim, as in cases of receivership or bankruptcy, without complying with or being subjected to certain procedural regulations, is no different than requiring service of process or publication of a notice of a foreclosure sale, etc. And for many years

it has been the rule in this State that the consent of the court in which the receivership is pending is necessary to a valid proceeding to enforce a lien.

"It has been held that property in the hands of a receiver is still subject to taxation, and it is competent to levy taxes against it; that the levy of taxes upon property in the hands of a receiver creates a lien, but that the taxes cannot be collected by a sale of the property under the tax laws; they can only be collected by the filing of an intervening petition praying for their payment. *In re Tyler,* 149 U. S. 164 (13 Sup. Ct. 785). The above case was cited and followed by the United States court for the district of South Dakota in *Ledoux* v. *LaBee,* 83 Fed. 761, and by the supreme court of Georgia in *Dysart* v. *Brown,* 100 Ga. 1 (26 S. E. 767). In *Virginia, T. & C. Steel & Iron Co.* v. *Bristol Land Co.,* 88 Fed. 134, tax sales to the State of real estate in the hands of a receiver were held void." *Campau* v. *Detroit Driving Club, supra.*

In *Prather Engineering Co.* v. *Railway,* 152 Mich. 582, the bill of complaint was filed to foreclose a mechanic's lien, and in affirming a decree dismissing the bill it was said:

"It has been held * * * that a receiver cannot be sued without leave of the appointing court (*People, ex rel. Tremper,* v. *Brooks,* 40 Mich. 333 [29 Am. Rep. 534]; *Citizens' Savings Bank* v. *Ingham Circuit Judge,* 98 Mich. 173). Whether leave to make the receiver a party is jurisdictional has never been expressly determined in this State."

In this connection, see, also, *In re Guaranty Indemnity Co.,* 256 Mich. 671.

Appellant seeks to avoid the rule adhered to in the foregoing cases by asserting that the right to foreclosure by advertisement is one given by the legisla-

ture, and therefore it cannot be abrogated or impaired by the court. But it must be assumed that, in providing statutory foreclosure, the legislature was fully cognizant of the inherent power of the court to intervene, as in a receivership, whenever the rights of others become involved. The mere fact that the statutory foreclosure is not strictly a proceeding in court does not immunize it from judicial supervision in proper cases. The result of such foreclosure if carried to an effective conclusion would be in the instant case to dispossess the receiver of property without the consent of the appointing court. But that is the very thing forbidden by law, on the ground that it would work an indignity to the authority of the court and prevent orderly procedure in the receivership.

Nor is there merit to appellant's contention that requiring permission to foreclose a mortgage is an impairment of a contractual right. In cases involving mortgage foreclosures or foreclosures of other vested liens, the contract rights of the lienholders to forthwith enforce their liens are no more sacred or important than the right of ordinary creditors to institute suit against the debtor, to attach his property, to garnishee, or perhaps to institute suit to set aside a sale or other transaction on the ground of fraud. But each of these rights is held in abeyance during the receivership in so far as they affect the receiver's possession of property, unless the consent of the court is obtained. Receiverships are designed to accomplish in an orderly manner under supervision of the court the maximum degree of benefits to all concerned. In their operation they may effectuate a moratorium as to certain parties; but the matter of orderly procedure imposed is not an impairment of contractual rights. The lienholder is

not deprived of his lien; but he may not proceed in total disregard of the receivership court.

In the instant case the trial court saw fit to decree the statutory mortgage sale and the sheriff's deed "void and of no effect." This holding was on the ground that prosecuting the statutory foreclosure without the court's consent against the property "in the immediate possession and use of the receivers," when it was fully known to the mortgagee that the receivership was pending, was contempt of court. That the prosecution of the foreclosure was a contempt is clear, and we are not disposed to interfere with the court's decree voiding the foreclosure sale. However, decision here is not to be construed as holding that sales so made are necessarily void rather than voidable, or that the rights of the receiver and the dignity of the court could not have been fully sustained by enjoining the purchaser at the foreclosure sale from instituting proceedings to dispossess the receiver. These and other details, like the matter of granting permission to institute the suit, are to a large degree within the discretion of the court in which the receivership is pending.

The decree of the circuit court is affirmed, with costs to appellee.

McDONALD, C. J., and CLARK, POTTER, SHARPE, FEAD, WIEST, and BUTZEL, JJ., concurred.