COHEN v BOLOGNA

1. RECEIVERS—APPOINTMENT—CAPACITY—PRESERVATION OF ASSETS—
   COURTS—JURISDICTION.

   A court-appointed receiver is a ministerial officer of the court
   appointing him; in this capacity, the receiver is charged with
   preserving the assets of the debtor for the benefit of both debtor
   and creditors and his jurisdiction over these assets is, in effect,
   that of the court itself.

2.. RECEIVERS—OFFICERS OF THE COURT—CAPACITY—SUITS.

   A receiver's function as officer of the court precludes unlimited
   suits against him in his capacity as conservator of a debtor's
   assets because such suits could lead to inconsistent verdicts on
   the same matter, thereby necessitating further litigation to
   resolve these inconsistencies and preventing efficient resolution
   of the matters in dispute.

3. RECEIVERS—APPOINTMENT—SUITS—LEAVE OF COURT.

   A receiver cannot be sued without leave of the appointing court.

Appeal from Macomb, Hunter D. Stair, J. Sub-
mitted Division 2 January 9, 1974, at Lansing.
(Docket No. 16340.) Decided March 7, 1974.

Complaint by Hyman Cohen and Robert Shawn
against John Bologna, Raymond Seguin, Hyman
Simon, Superior Products, Inc., and Abraham Sa-
tovsky, receiver for Hyman Simon, to quiet title in
certain land. Complaint dismissed. Plaintiffs ap-
peal. Affirmed.

*Friedman & Cohen,* for plaintiffs.

REFERENCES FOR POINTS IN HEADNOTES
[1] 65 Am Jur 2d, Receivers §§ 2, 3.
[2, 3] 66 Am Jur 2d, Receivers § 442 *et seq.*

*Abraham Satovsky,* defendant receiver, for himself.

Before: Quinn, P. J., and Danhof and Allen, JJ.

Per Curiam. In 1968, creditors of defendant Hyman Simon recovered judgments against him totaling approximately $50,000 in actions unrelated to the instant case. In early 1969, creditors of Simon recovered another judgment of approximately $40,000 against him in an unrelated action. On May 26, 1969, defendant Abraham Satovsky was appointed receiver of the insolvent Hyman Simon in proceedings supplementary to judgment by the Oakland County Circuit Court at the request of judgment creditors.[1]

Having learned of these facts, plaintiffs herein filed on June 17, 1969 affidavits of claim of interest with the Macomb County Register of Deeds, claiming a two-thirds interest in an undivided one-third interest in certain land, which fractional interest was recorded under Simon's name. This action followed by the filing of a complaint to quiet title on August 16, 1971.

The trial court, on defendant Satovsky's pretrial motion, found that plaintiffs were guilty of laches and entered an order on January 8, 1973 dismissing the action. Plaintiffs appeal. We affirm the dismissal of plaintiffs' action without reaching the merits of the defense of laches.

Defendant Superior Products, Inc., which owns an undivided one-third interest in the land in question, pleaded no contest to this action since it involves only the one-third interest of defendant Simon. Likewise, defendants Bologna and Seguin,

[1] Subsequently, on September 24, 1971, Hyman Simon filed a petition in bankruptcy in Federal court.

who jointly own an undivided one-third interest in the land, have waived notice of any further proceedings regarding the pendency of this appeal since their interest is not involved.

Satovsky, named as a defendant in the instant case, by amended answer filed November 23, 1971, set forth as a defense to this action the fact that leave had not been granted plaintiffs by the Oakland County Circuit Court, which had jurisdiction of the receivership of Hyman Simon, to sue Satovsky in Macomb County. In February of 1972, plaintiffs filed a motion in Oakland County Circuit Court requesting such permission. After a hearing thereon, the motion was denied without prejudice to the filing of a claim by plaintiffs in the Oakland County receivership proceedings. Nevertheless, plaintiffs continued suit in Macomb County after having been denied leave to sue Satovsky by the court which had primary and prior jurisdiction of the matter.

It has long been held that a court-appointed receiver is a ministerial officer of the court appointing him. In this capacity, he is charged with preserving the assets of the debtor for the benefit of both debtor and creditors and his jurisdiction over these assets is, in effect, that of the court itself. *Chronowski v Park-Sproat Corp,* 306 Mich 676; 11 NW2d 286 (1943). *Westgate v Westgate,* 294 Mich 88; 292 NW 569 (1940).

The receiver's function as officer of the court precludes unlimited suits against him in his capacity as conservator of the debtor's assets. The courts of this state have consistently recognized the problems inherent in suits against a court-appointed receiver brought in a different court. Such suits could lead to inconsistent verdicts on the same matter, thereby necessitating further litigation to

resolve these inconsistencies and preventing efficient resolution of the matters in dispute. The rule in Michigan is therefore that a receiver cannot be sued without leave of the appointing court. *In re Petition of Chaffee,* 262 Mich 291; 247 NW 186 (1933). See also *Burk v Muskegon Machine & Foundry Co,* 98 Mich 614; 57 NW 804 (1894). *In re Guarantee Indemnity Co,* 256 Mich 671; 240 NW 78 (1932). *Manchure v Wayside Oil Corp,* 259 Mich 667; 244 NW 224 (1932).

When plaintiffs filed this action, they knew that there already existed an adequate forum to adjudicate the disputed interest in the land in question. MCLA 600.6128; MSA 27A.6128. At the very least, plaintiffs were required to obtain leave of the appointing court which had previously taken jurisdiction of all claims against defendant Hyman Simon before suing the receiver in Macomb County. By their motion of February, 1972, plaintiffs apparently recognized this as the correct rule. Having been denied leave to sue, plaintiffs were plainly in error in continuing suit in Macomb County.

Affirmed for the reasons stated herein. Costs to defendant Satovsky.

All concurred.