46 F.3d 1131
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
ARLANS AGENCY, INC., et al., Plaintiffs-Appellants in No.
93-2395, Plaintiffs-Appellees in No. 94-1079,
v.
Dykema GOSSETT, et al., Defendants-Appellees in No. 93-2395,
Defendants-Appellants in No. 94-1079.
 Nos. 93-2395, 94-1079.
 United States Court of Appeals, Sixth Circuit.
 Jan. 19, 1995.
 
 Before: KEITH, NELSON, and LAY[1], Circuit Judges.
 PER CURIAM.
 
 
 1
 Case No. 93-2395 is an appeal from an order dismissing an action brought under 42 U.S.C. Sec. 1983 for allegedly denying the appellants a state forum for other Sec. 1983 claims. Case No. 94-1079 is an appeal from an order denying a motion for sanctions under Rule 11, Fed.R.Civ.P. We shall affirm the order dismissing the Sec. 1983 case, vacate the order denying sanctions, and remand the matter for further proceedings with respect to the sanctions issue.
 
 
 2
 * Appellant Arlans Agency, Inc., of which appellant Ernest M. Solomon is sole owner, owns Cadillac Insurance Company. Arlans and its affiliates are also insurance agents for Cadillac.
 
 
 3
 Cadillac is in liquidation proceedings in the Ingham County (Michigan) Circuit Court. That court (the "Receivership Court") appointed the Michigan Commissioner of Insurance, appellee David J. Dykhouse, as receiver of Cadillac. Mr. Dykhouse's deputy, appellee Jacqueline Reese, was appointed deputy receiver.
 
 
 4
 The appellants moved to intervene in the liquidation proceedings, but their motion was denied. The Receivership Court later issued a standard order enjoining all persons "from bringing any action ... including any counterclaim, against Cadillac Insurance Company ... or against the Commissioner of Insurance as Receiver/Liquidator of Cadillac Insurance Company ... without first obtaining the authorization of this Court."
 
 
 5
 At the time liquidation proceedings began, Arlans and its affiliates (collectively, "Arlans") allegedly owed Cadillac over $10 million for insurance premiums collected but not remitted to Cadillac. Mr. Solomon and his wife had allegedly defaulted on a personal loan from Cadillac, moreover, leaving a deficiency after foreclosure of approximately $2.6 million. Acting in his capacity as receiver, Mr. Dykhouse sued the Solomons and Arlans in Oakland County Circuit Court to recover these sums. Asserting that Cadillac's assets had been wasted during the receivership, the appellants filed counterclaims against Dykhouse and Reese. The counterclaims included allegations of unconstitutional impairment of contract, unjust takings, and violations of due process. Three of the counterclaims sought offsets against any recovery by the Cadillac estate.
 
 
 6
 On July 30, 1993, the Receivership Court (Harrison, J.) found that the appellants' counterclaims in Oakland County Circuit Court infringed on the exclusive jurisdiction of the Receivership Court. Judge Harrison issued an order providing that all defenses or counterclaims that sought offsets against recovery by the estate "must be filed in the form of a Proof of Claim with the Receivership Court." He enjoined all persons "from bringing any defenses which seek a 'setoff' or 'recoupment' from Cadillac ... or against the Commissioner as Receiver of Cadillac Insurance company." Under this order, the setoff counterclaims could only be satisfied through the distribution of Cadillac's assets to policyholders and other creditors in accordance with priorities prescribed in Mich.Consol.Laws Sec. 500.7834. The Oakland County Circuit Court dismissed the setoff and recoupment counterclaims pursuant to Judge Harrison's order.
 
 
 7
 Arlans and the Solomons then filed suit in federal court under 42 U.S.C. Sec. 1983 against Dykhouse, Reeves, two law firms that represented them, and Judge Harrison, seeking injunctive, declaratory and monetary relief. Contending that the defendants had denied them a state forum for their constitutional claims, Arlans and the Solomons moved the district court to enjoin the Oakland County Circuit Court from dismissing their counterclaims. Alternatively, they asked the district court to enjoin Judge Harrison from refusing to let them file their counterclaims in the Oakland County cases. The district court denied the motions and dismissed the lawsuit. The court subsequently denied a motion for sanctions against the appellants' attorneys.[2]
 
 II
 
 8
 The Anti-Injunction Act, 28 U.S.C. Sec. 2283, provides that "[a] Court of the United States may not grant an injunction to stay proceedings in a state court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." Proceedings under Sec. 1983 are excepted from the Anti-Injunction Act, but only "where the state law is 'flagrantly and patently violative of express constitutional prohibitions' or where there is a showing of 'bad faith, harassment or ... unusual circumstances that would call for equitable relief.' " Mitchum v. Foster, 407 U.S. 225, 230 (1972), quoting Younger v. Harris, 401 U.S. 37, 53-54 (1971). The exception applies where state courts are "being used to harass and injure" a party, or are "powerless to stop deprivations." Mitchum, 407 U.S. at 240. No such circumstances exist in the case at bar.
 
 
 9
 State courts that are able to hear analogous state law claims cannot refuse to hear federal claims. Testa v. Katt, 330 U.S. 386, 394 (1947). As a result, state courts have a duty, under the Supremacy Clause, to hear constitutional and Sec. 1983 claims. Howlett v. Rose, 496 U.S. 356, 375 (1990). Federal law preempts state procedures that interfere with Sec. 1983 claims. Felder v. Casey, 487 U.S. 131, 139 (1988). The question presented here, however, is a more limited one: whether the appellants have a right to prosecute Sec. 1983 claims in the context of state receivership proceedings, or as counterclaims in collection actions brought by the receiver on behalf of the estate.
 
 
 10
 The appellants are free to commence a separate state court Sec. 1983 action against Dykhouse and Reese personally, as long as custody and control of receivership property are not affected. McAfee v. Bankers Trust Co., 235 N.W. 807, 807 (Mich.1931). No such action has been filed.[3] The appellants do not need permission from the Receivership Court to attempt to recover damages from a receiver personally at fault for wrongfully taking possession of property. Id.; Westgate v. Drake, 292 N.W. 573, 574 (Mich.1940). The Oakland County Circuit Court now appears to have acknowledged that it has jurisdiction to hear constitutional claims against Dykhouse and Reese in their individual capacities. As far as claims against them as representatives of the estate are concerned, however, Congress did not intend Sec. 1983 to enable creditors to circumvent state statutory schemes for liquidating insolvent insurance companies, thereby jumping to the head of the distribution line in liquidation proceedings.
 
 
 11
 It is important to note that Judge Harrison's order does not discriminate against federal claims. It applies to all claims, state or federal, for recovery against the Cadillac estate or against the Commissioner as receiver.
 
 
 12
 Under Michigan law, any claim against the estate of a company being liquidated must be brought in a Receivership Court.[4] If a federal court were to force a state court that cannot hear analogous state law claims to hear Sec. 1983 counterclaims against the receivers as such, it would impermissibly enlarge the ordinary jurisdiction of the local courts. Mondou v. New York, New Haven & Hartford R.R. Co., 223 U.S. 1, 56 (1912). Because a state forum is available to the appellants if they file suit for torts committed outside the receivership process, or uncouple their Sec. 1983 claims against the receivers individually from their recoupment claims against the estate, the appellants' due process rights have not been violated. The injunctive relief sought by the appellants is barred by the Anti-Injunction Act, and there is no basis on which the district court could award the appellants monetary or other relief for the alleged deprivation of a state court forum.
 
 III
 
 13
 Under Rule 11, Fed.R.Civ.P., as amended effective August 1, 1983, an attorney is subject to sanctions "when it appears that a pleading has been interposed for any improper purpose, or where, after reasonable inquiry, a competent attorney could not form a reasonable belief that the pleading is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification or reversal of existing law." Regional Refuse Sys., Inc. v. Inland Reclamation Co., 842 F.2d 150, 156 (6th Cir.1988) (emphasis added).
 
 
 14
 The district court refused to impose Rule 11 sanctions on Arlans' and the Solomons' attorneys for filing this lawsuit. In announcing its ruling from the bench, the court expressed itself as follows:
 
 
 15
 "I think it is one of the most frivolous cases I have ever sat on in 37 years on the Bench.... I am very troubled by this case. As I said ... the case is utterly without merit.... However, I cannot overlook the fact that there has been represented to me, and I have no reason not to believe the representation, that representatives of at least two highly reputable law firms have joined in this and felt they had some basis. I, frankly, could not see it under any circumstances. But I have looked at the Rule and the Rule says it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needlessly increase the cost of litigation.... [B]ecause Rule 11 is somewhat under fire at the moment by lots of people who feel it is too Draconian, that I am going to deny the request for Rule 11 sanctions."
 
 
 16
 A decision to grant or deny Rule 11 sanctions is reviewed for abuse of discretion. Mann v. G & G Manufacturing, Inc., 900 F.2d 953, 958 (6th Cir.1990); Davis v. Crush, 862 F.2d 84, 88 (6th Cir.1988). If the court concludes that Rule 11 has been violated, the imposition of sanctions is mandatory. INVST Financial Group, Inc. v. Chem-Nuclear Systems, Inc., 815 F.2d 391, 401 (6th Cir.1987). The test for imposing Rule 11 sanctions is whether the attorney's conduct was objectively reasonable under the circumstances. Mann, 900 F.2d at 958. A showing of good faith is not sufficient to avoid sanctions. INVST Financial Group, 815 F.2d at 401.
 
 
 17
 In denying the sanctions motion in the case at bar, the district court may have taken into account a then-pending amendment to Rule 11 designed to make the rule less Draconian. The version of Rule 11 in effect at the time the case was filed, however, is the version that must be applied. Regional Refuse Sys., 842 F.2d at 156. Because the amendment was not in effect when this case was filed--or even when district court rendered its decision--the amendment had no legitimate application here.
 
 
 18
 Where a district court rejects a sanctions motion, it must give appropriate reasons for the rejection. Haverstick Enterprises, Inc. v. Financial Federal Credit, Inc., 32 F.3d 989, 996-97 (6th Cir.1994). We cannot tell, from the transcript in this case, whether the district court based its decision entirely upon the finding that the complaint was not filed for an improper purpose--a finding which, standing alone, would not justify the denial of sanctions--or whether other considerations may have been taken into account. If there were other considerations, the district court needs to spell them out so that we can attempt to make an informed judgment as to whether the denial of sanctions constituted an abuse of discretion.
 
 
 19
 The order dismissing the Sec. 1983 action is AFFIRMED. The order denying the motion for sanctions is VACATED, and the case is remanded for further proceedings not inconsistent with this opinion.
 
 
 
 [1]
 Donald P. Lay, United States Circuit Judge for the Eighth Circuit, sitting by designation
 
 
 [2]
 After the appeals to this court had been perfected, the Oakland County Circuit Court issued an amended order providing that "constitutional claims are not dismissed and this Court has concurrent jurisdiction over same."
 
 
 [3]
 The appellants contend that the appellees have never heretofore "suggested" that the appellants could file a separate complaint. In an adversarial system, however, each party is responsible for his own litigation strategy
 
 
 [4]
 Ingham County Circuit Court has supervisory authority, as Receivership Court, over insurance company liquidations. M.C.L. Sec. 500.8104(3). Once the Receivership Court assumes jurisdiction over an estate's assets, other courts may not interfere in the management, conduct, or property of the receivership without leave of the Receivership Court. In re Chaffee, 247 N.W. 186, 196 (Mich.1933). In the distribution of the assets of the estate, claims of equal status must be treated similarly. M.C.L. Sec. 500.8142. To recover from the estate, parties must file a proof of claim with the Receivership Court. M.C.L. Sec. 500.8135. The Commissioner/Receiver assigns a value to the claim, which is then approved and assigned a priority, or disallowed. General creditors receive a pro rata distribution. M.C.L. Sec. 500.8142. Policyholders, beneficiaries, and certain other claimants must be satisfied before general creditors. M.C.L. Sec. 500.8142(a)-(d). Counterclaims may not be litigated outside the priority scheme for the distribution of assets of the insolvent insurer. M.C.L. Sec. 500.8130, Sec. 8133